Frederick C. FERMIN, Appellant,

v.

VETERANS ADMINISTRATION, Washington, D. C., Appellee.

No. 18185.

United States Court of Appeals Ninth Circuit.

Jan. 30, 1963.

Rehearing Denied Feb. 27, 1963.

Frederick Collins Fermin, San Jose, Cal., in pro. per. for appellant.

Cecil F. Poole, U. S. Atty., Robert S. Marder, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES, HAMLIN and DUN-IWAY, Circuit Judges.

BARNES, Circuit Judge.

Appellant filed a petition for writ of mandate in the district court, seeking payment of $5,000 to him, or his mother, as term Life Insurance Benefits with interest from 1935.

Appellant's father, Frederick G. Fermin, while a member of the United States Army, made application for $5,000 Yearly Renewable Term Insurance during World War I, which was issued under Certificate T 192 61 06. Premiums of $4.10 monthly were deducted from Frederick G. Fermin's service pay through April 1920 when the allotment was discontinued. He was discharged from service April 29, 1920, at the expiration of the term of his enlistment, and he re-enlisted on April 30, 1920. He remained in military service until the date of his death, January 26, 1925.

The April 1920 deduction from Frederick G. Fermin's Army pay paid the premium for the month of May. The elder Fermin made no further premium payment, either by cash or allotment, and the insurance lapsed June 1, 1920. There was no insurance in force at the time of his death.

The laws that made Yearly Renewable Term Insurance available to the servicemen of World War I contained a provision for continuing the insurance in force, in the absence of premium payment, if the insured became permanently and totally disabled. Permanent and total disability under the terms of the Yearly Renewable Term Insurance contract is defined, in substance, as any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation with a reasonable certainty that it will continue throughout the life of the person suffering from it. For insurance purposes, the permanent and total disability must start while the insurance is in force and, in this case, continue until the death of the veteran.

Appellant's father was physically examined at time of discharge in April 1920. He reenlisted the day following his discharge and remained in the Army performing all duties required in active military service until his sudden death in 1925. The Veterans Administration concluded from all the evidence available that the elder Fermin could not perform full military duty for the period in question and at the same time meet the permanent and total disability requirements of the law as defined above. The Veterans Administration notified appellant by certified mail of the disallowance of his insurance claim.

The court below, on motion to dismiss, granted a dismissal. It held (1) the Veterans Administration is immune from suit; Declet v. Veterans Administration, 1955, D.C., 129 F.Supp. 566; Napier v. Veterans Administration, 1960, D.C., 187 F.Supp. 723; (2) the Statute of Limitations had run against a suit against the United States. 38 U.S.C. § 784(b).

Appellant seeks to avoid the Statute of Limitations by urging that he was an infant from January 26, 1925 (date of death of Frederick G. Fermin) until July 14, 1946, and "was and is mentally disabled from 1945 until the present time." At the time of oral argument, appellant had filed a certified copy of a judgment of lunacy, issued by the County Court of El Paso, State of Texas, dated February 10, 1947, as seventy percent disabled for which he is receiving disability compensation.

Appellant has also filed, as an "Argument in Open Court, for January 15th, 1963," his autobiography, indicating an honorable record of service to his country in time of war.

Both documents aid appellant in telling the story of his life, but do not aid him in maintaining the suit filed herein. The motion to dismiss was properly granted below, and that decision of the district court is *affirmed*.