**Eleanore J. EVANS, Plaintiff-Appellant,**

**v.**

**UNITED STATES VETERANS ADMINISTRATION HOSPITAL, Defendant-Appellee.**

**No. 296, Docket 31615.**

United States Court of Appeals Second Circuit.

Argued Jan. 24, 1968.

Decided March 6, 1968.

Eleanore J. Evans, pro se.

Joel A. Forkosch, Asst. U. S. Atty., New York City (Alan G. Blumberg, Asst. U. S. Atty., and Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, on the brief), for defendant-appellee.

Before MEDINA, MOORE and ANDERSON, Circuit Judges.

PER CURIAM:

■ Eleanore J. Evans appeals from a judgment of the United States District Court for the Southern District of New York, Herlands, J., which dismissed her complaint against a United States Veterans Administration Hospital. The Court below correctly determined that the Hospital was immune from suit since it is well established that a Veterans Administration Hospital, as an instrumentality of the Veterans Administration, cannot be sued in its own name. Fermin v. Veterans Administration, 312 F.2d 554 (9th Cir.), cert. denied 375 U.S. 864, 84 S.Ct. 135, 11 L.Ed.2d 91 (1963); Suess v. Pugh, 245 F.Supp. 661 (N.D.W. Va.1965); Napier v. Veterans Administration, 187 F.Supp. 723 (D.N.J.1960), aff'd 298 F.2d 445 (3rd Cir. 1962), cert. denied 371 U.S. 186, 83 S.Ct. 266, 9 L.Ed. 2d 228 (1962). Furthermore, plaintiff is foreclosed from amending her complaint to add the United States as a party and thereafter proceeding under the Federal Tort Claims Act, since the two year period of limitations under the federal statute has already run. 28 U.S.C. Section 2401. Finally, Rule 15(c) of the Federal Rules of Civil Procedure which allows a claimant to amend a complaint to add a party and still have the amendment relate back to the date of the original pleading, is inapplicable here.[1] In the instant case no notice of the pendency of the claim was given to the United States within the limitations period of the Federal Tort Claims Act.[2]

Affirmed.

1. *Rule 15. Amended and Supplemental Pleadings*

  *   *   *   *   *

(c) *Relation Back of Amendments* * * * An amendment changing the party against whom a claim is asserted relates back if * * * within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

2. The original complaint filed in the District Court on June 14, 1963 was not delivered by the plaintiff to the United States Marshal for service until February 1, 1967.