Edwin R. GROCE, Administrator C/T/A
of the Estate of Raymond F. Schulte,
Deceased, Plaintiff,

v.

RAPIDAIR, INC., Lanseair, Inc., and the
United States of America, Defendants.

Civ. A. No. 3071.

United States District Court
W. D. North Carolina,
Asheville Division.

Oct. 10, 1969.

Frederick T. Stant, Jr., Norfolk, Va., for plaintiff.

Haight, Gardner, Poor & Havens, New York City, with Walter E. Rutherford, New York City, on brief, for Rapidair, Inc.

Bussell, Hough & Greene, Springfield, Mo., with Joe Greene, Springfield, Mo., on brief, for Lanseair, Inc.

Lawrence J. Galardi, Asst. Chief, Torts Section, U. S. Dept. of Justice, Washington, D. C., Keith S. Snyder, U. S. Atty., Asheville, N. C., for United States.

## MEMORANDUM OF DECISION AND ORDER

WOODROW WILSON JONES, Chief Judge.

This matter is before the Court upon a Motion to Dismiss, or in the alternative,

Motion for Summary Judgment, filed by the defendant, United States of America, on the grounds that plaintiff's action was not filed within the time limit provided by 28 U.S.C.A. § 2401(b), and the defendant is therefore immune from suit.

The Court heard the matter on July 10, 1969, and thereafter the attorneys for the plaintiff and defendant filed briefs. After due consideration of the argument and briefs, the Court enters this Memorandum of Decision and Order.

The plaintiff, Edwin R. Groce, is the Administrator C/T/A of the estate of Raymond F. Schulte, deceased, having been appointed by the Clerk of Superior Court of Henderson County, North Carolina. He instituted this action in the United States District Court for the Western District of North Carolina against the defendants, Rapidair, Inc., Lanseair, Inc., and the United States of America, for monetary damages for the alleged wrongful death of his testate, alleging that said death was caused by the negligence of the defendants. The first complaint was filed on April 17, 1969. On May 22, 1969, and prior to the filing of an answer or other pleading by the United States Government, the plaintiff filed a Motion requesting that he be allowed to withdraw the complaint filed on April 17, 1969, and substitute in its place the complaint filed on May 15, 1969, on the grounds that at the time of the filing of the first complaint the United States Government had not issued its statutory notice of the denial of the claim. He asserted that the notice of denial was issued by the Federal Aviation Administration on April 27, 1969. The Court issued an order on May 27, 1969, allowing the first complaint to be withdrawn without prejudice to the plaintiff and the second complaint substituted in lieu thereof. On May 29, 1969, the Government filed a Motion objecting to the Motion of the substitution of the second complaint, alleging that plaintiff's tort claim against the Government was forever barred by the provisions of 28 U.S.C.A. § 2401(b). On June 5, 1969, the defendant, United States of America,

filed its Motion to Dismiss the complaint, or in the alternative, Motion for Summary Judgment, alleging that the tort claim in writing for the alleged wrongful death of Raymond F. Schulte was presented to the Federal Aviation Administration and was denied in writing by said government agency on April 9, 1968, and that said claim is forever barred because this action was not filed within six (6) months of the date of mailing of notice of final denial.

The plaintiff alleges that Raymond F. Schulte, while employed as a pilot by Piedmont Aviation, Inc., was killed on July 19, 1967, in a midair collision of a Piedmont plane and a Cessna 310 plane owned by Lanseair, Inc., and operated by Rapidair, Inc., over Henderson County, North Carolina, which is in the Western District of North Carolina. The plaintiff admits that Catherine Brouke Schulte qualified in the State of Virginia as the Administratrix of the estate of her deceased husband, Raymond F. Schulte, who was a resident of said state at the time of his death, and that she filed a written claim for damages for his wrongful death with the Federal Aviation Administration on December 11, 1967, which claim was denied in writing by said government agency by certified mail on April 9, 1968.

Thus, by plaintiff's admissions and from the record, it is conclusively established, for the purpose of this motion, that plaintiff's testate died on July 19, 1967; that the Administratrix of his estate in the State of Virginia filed a written tort claim for damages for his alleged wrongful death with the Federal Aviation Administration and that said agency issued notice of denial of said claim and mailed the same by certified mail to the claimant on April 9, 1968. The record shows that this tort action was instituted on April 17, 1969, and the substitute complaint filed on May 15, 1969. It is, therefore, clear that this tort action was not "begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented",

as required by 28 U.S.C.A. § 2401(b). This section reads as follows:

"(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

■ The plaintiff contends that Piedmont Aviation, Inc., a North Carolina corporation, and its compensation carrier, Maryland Casualty Company, paid to Schulte's dependents or estate the sum of $15,000 as compensation under the North Carolina Workmen's Compensation Act and that said employer and insurance carrier were subrogated to the rights of Schulte's estate to proceed against the Government, Lanseair, Inc., and Rapidair, Inc. in a wrongful death action subject to the provisions of the North Carolina Act. He further contends that the North Carolina Act creates a double cause of action. One cause of action is vested in the employee's estate for a period of one year from the date of death and the other cause of action is vested in the employer and carrier exclusively until two months prior to the end of the time limitation for suit. The time limit for bringing a wrongful death action in North Carolina is two years after death. G.S. § 1–53(4). The plaintiff, therefore, contends that the North Carolina Workmen's Compensation Act does not abrogate the two year period mentioned in the Federal Tort Claims Act but that it merely divides the remedy into two parts—one to the employee's estate, and the other to the employer and insurance carrier. He contends that it was necessary to appoint a North Carolina administrator to institute this action in the Western District of North Carolina, and that said administrator, acting for and on behalf of the employer and insurance carrier under a paper writing dated May 14, 1969, filed written notice of his tort claim against the Government on March 27, 1969, and

that the Government denied the claim in writing, notice of which was mailed by certified mail on April 25, 1969. He therefore contends that the action at bar was brought under the second cause of action and within six months from notice of denial of the second claim.

Plaintiff's contentions are untenable, and the defendant's Motion should be allowed.

The sections of the North Carolina Workmen's Compensation Act relied upon by the plaintiff which are designated as General Statutes § 97–10.2(a), (b), (c), (d), and (h), merely set forth the respective rights and interests of the employee's estate, the employer and the insurance carrier. They provide that where the death of an insured employee is caused by a third party, the personal representative of the deceased employee shall have the exclusive right to proceed to enforce the liability of the third party by appropriate proceedings if such proceedings are instituted not later than twelve months after the date of death. If settlement is not made and summons is not issued within said twelve months period, then all rights of the personal representative against the third party shall pass by operation of law to the employer upon the expiration of said twelve months period, and that such rights shall remain in the employer until sixty days before the expiration of the period fixed by the statute of limitations applicable to such rights, and that if the employer shall not have settled with or instituted proceedings against the third party within such time, then all such rights shall revert to the personal representative sixty days before the expiration of the applicable statute of limitations. We have noted above that the applicable statute of limitations for wrongful death actions is two years.

The Act provides that a proceeding so instituted by the person having the right, shall be brought in the name of the personal representative of the employee, and the employer and insurance carrier shall not be a necessary or proper party thereto. If the employee's personal repre-

sentative should refuse to cooperate with the employer by being the party plaintiff, then the action shall be brought in the name of the employer and the employee's personal representative shall be made a party plaintiff or party defendant by order of court. The funds recovered by settlement or by proceedings instituted by either party shall be distributed according to their respective interests.

This Act does not create two causes of action as contended by the plaintiff. The right to bring action for damages for wrongful death is conferred by General Statutes § 28–173. The Compensation Act relied upon by plaintiff merely governs the respective rights of the employee's estate, the employer and the insurance carrier to maintain an action for damages against third parties. Bryant v. Dougherty, 267 N.C. 545, 148 S.E.2d 548.

There is no restriction under the North Carolina Workmen's Compensation Act which would have prevented the personal representative of the decedent from instituting an action for damages for his alleged wrongful death within six months from the denial of the written tort claim. The claim was denied on April 9, 1968, and, under plaintiff's contention, the personal representative would have had three months and ten days in which to institute the action under the one year provision. It could have been instituted thereafter within the six months period merely by obtaining the written authorization of the employer and insurance carrier as the plaintiff did before instituting this action.

■ Plaintiff also refers to the problem with reference to the North Carolina requirement for the appointment of a resident administrator to institute this action in North Carolina. That presented no unsurmountable obstacle as this plaintiff later proved by instituting the present action. Thus, there is no legal, equitable or logical reason why this action could not have been instituted within the six months period after April 9, 1968.

■ Without the Federal Tort Claims Act the plaintiff would have no right to institute a tort action against the federal government because of the "governmental immunity" doctrine which is so well imbedded in our law. The Tort Claims Act waives, with certain limitations, governmental immunity to suit in tort and permits suits on tort claims to be brought against the United States. Maryland to Use of Burkhardt v. United States, 165 F.2d 869 (4th Cir. 1947). In order for the plaintiff to come under this immunity waiver he must comply with the provisions of the Act. The Act says that "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues *or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*" (Emphasis added).

■ Congress has the power to say when and where and under what conditions the sovereign can be sued, and when such consent is given, the courts are confined to the letter of the statute. Chief Judge Hutcheson, of the Fifth Circuit, said in the case of Simon v. United States, 244 F.2d 703:

"* * * [W]hen, as in the Federal Tort Claims Act, the sovereign, by statute creating a cause of action and consenting to be sued upon it, makes it clear that the consent of the United States to be sued in tort is conditioned upon the suit's being filed within the time fixed in the Act and not otherwise, exact compliance with the terms of consent is a condition precedent to suit."

Judge Hutcheson quoted from 34 American Jurisprudence, "Limitation of Actions", Sec. 7. "Qualifications Annexed to Right of Action", as follows:

"Generally speaking the time requirement prescribed by a statute granting the right to sue the United States or a state is construed as a

condition or qualification of the right; such a provision is in other words jurisdictional rather than a mere statute of limitations."

Chief Judge Parker in the Burkhardt case, supra, in a scholarly opinion interpreting the Tort Claims Act shortly after its passage, said:

"We think it a reasonable and necessary interpretation of the Tort Claims Act that the law of the State is to be followed with respect to the cause of action created but not with respect to the time limitation for suit upon it, since the act itself prescribes its own time limitation."

Mendiola v. United States, 401 F.2d 695 (5th Cir. 1968); Evans v. United States Veterans Administration Hospital, 391 F.2d 261 (2nd Cir. 1968).

The record is clear in this case that the action was not instituted within six months from the date of the denial of the first tort claim, and the action against the United States of America therefore must be dismissed, and an order to that effect will be entered simultaneously herewith.