Anthony V. Quercia, Kirk & Quercia, Boston, Mass., for plaintiff.

Mark E. Robinson, Asst. U.S. Atty., Boston, Mass., for defendant.

**Nancy A. MURRAY, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

Civ. A. No. 82–0292–C.

United States District Court, D. Massachusetts.

Nov. 10, 1982.

MEMORANDUM

CAFFREY, Chief Judge.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (F.T.C.A.) in which plaintiff seeks to recover damages for personal injuries allegedly caused by the negligence of a United States Postal Service employee acting within the scope of his employment. 28 U.S.C. § 1346(b).

The incident giving rise to the lawsuit occurred in February, 1980, when a Postal Service vehicle collided with plaintiff's motorcycle throwing plaintiff from her motorcycle and injuring her. Plaintiff filed an

administrative claim with the Postal Service and when that claim was denied she instituted suit against the Postal Service in the Federal District Court. Defendant moves for dismissal on grounds that a tort claim against the Postal Service is barred, the exclusive remedy being a suit that specifically names the United States as defendant. Defendant further asserts that plaintiff is barred from amending her complaint at this time to add the United States as defendant. Defendant argues that according to the "relation back" provision of Federal Rule of Civil Procedure 15(c), an amendment changing the party against whom a claim is asserted will relate back to the date of the original pleading only if two requirements are met. That is, if the defendant to be named: 1) will not through ignorance of the suit be prejudiced in defending himself, and; 2) knew or should have known that the action would have been brought against him had there not been a mistake in identity. The United States as the party to be added contends that relation back is not permissible in these circumstances because neither requirement for proper relation back has been met. The United States contends both that it will be prejudiced in defending itself on the merits because it will have lost its statute of limitations defense, and that it neither knew or should have known that it was a party in this lawsuit.

It is well established that federal agencies are not subject to suit in their own name absent congressional authorization. See *Shelton v. U.S. Customs Service,* 565 F.2d 1140 (9th Cir.1977). In enacting the F.T.C.A. Congress authorized a remedy against the United States exclusively, and not against any of its agencies. Since plaintiff in this case is suing under the F.T.C.A., her exclusive remedy is against the United States. The Court, therefore, should dismiss the action as against the Postal Service.

■ Plaintiff has moved to amend her complaint at this time to add the United States as defendant. In an ordinary case, a Federal Tort Claims Act Plaintiff who mistakenly sues a federal agency rather than the United States, can avoid dismissal of the action by simply moving to amend the complaint to name the United States as the proper Defendant. *Morano v. United States Naval Hospital,* 437 F.2d 1009 (3rd Cir.1971). Rule 15(c) of the Federal Rules of Civil Procedure allows such an amendment to relate back to the date of the original pleading as long as the two previously stated conditions are met. The United States may not be prejudiced in defending itself through ignorance of the suit. Secondly, the United States must have known or should have known that the action would have been brought against it had there not been a mistake in identity. As long as the original complaint against the Agency was served on the Agency or the United States Attorney within the applicable period of limitations, the United States is assumed to have the requisite knowledge under the Rule, so that the amendment is effective to substitute the United States as proper defendant.

■ The sole remaining issue to be resolved in the instant case is whether suit was instituted against the Postal Service within the required six-month limitation period. If it was, then the United States may properly be substituted as defendant. If not, the suit must be dismissed.

On August 6, 1981, the Postal Service sent plaintiff a letter denying plaintiff's administrative claim for relief for injuries sustained as a result of the February, 1980 collision. According to the limitations requirement under 28 U.S.C. § 2401(b), an action must be commenced within six months of the date of mailing of the administrative agency's denial of the claim. August 6, 1981, then, started the applicable six-month period running. Plaintiff filed her complaint appealing this adverse agency decision on February 3, 1982, three days before the six-month period expired. However, the complaint and summons were not served upon the Postal Service by the federal Marshal until March 4, 1982, almost a month after the limitations period expired. Defendant cites cases supporting its contention that "action" for purposes of § 2401(b) is not commenced until the federal Marshal has served defendant with process. *Carr v. Veteran's Administration,* 522 F.2d 1355

(5th Cir.1975) (plaintiff denied right of action because federal marshal served process on the United States one day beyond six-month limitation period); *Stewart v. United States,* 655 F.2d 741 (7th Cir.1981) (no relation back where actual notice of suit was not received by government within six-month limitation period); *Evans v. Veteran's Administration,* 391 F.2d 261 (2d Cir. 1968) (relation back not allowed where no notice of pendency of claim given to the United States within required six-month period).

In *Carr, supra,* a case very similar to this one, the Court emphasized that the F.T.C.A. six-month limitation period is a limited waiver of sovereign immunity. As such, it is jurisdictional in nature, must be strictly construed and is not subject to equitable considerations. On the basis of that interpretation plaintiff in the instant case was one month late commencing suit and is thus barred from bringing suit.

Since no government entity knew or had reason to know of plaintiff's claim within the statutory six-month period of limitations, relation-back of an amendment adding the United States as a defendant would not be permissible under Rule 15 and the action must therefore be dismissed. Accordingly, I rule that defendant's motion to dismiss should be granted.