Robert NELSON and Jacqueline
Nelson, Plaintiffs,

v.

**UNITED STATES POSTAL SERVICE,
a Federal Government Agency,
Defendant.**

No. K86–84.

United States District Court,
W.D. Michigan, S.D.

Oct. 31, 1986.

Alan F. Gibbs, of Crowley, Merman &
Olsman, P.C., Southfield, Mich., for plaintiffs.

Anne V. Tuuk, Asst. U.S. Atty., W.D. of
Mich., Grand Rapids, Mich., for defendant.

## OPINION

ENSLEN, District Judge.

The plaintiffs in this action have attempted to file suit against the United States pursuant to the Federal Tort Claims Act seeking recovery for injuries Mr. Nelson suffered in January, 1985 when he slipped and fell on a patch of ice and snow in the parking lot adjacent to the Battle Creek Post Office. Presently pending before the Court for decision is defendant's motion to dismiss, in which it argues that plaintiffs have failed to name the proper party (the United States) as the defendant and that the Court should not allow them to amend their complaint to insert the United States as the defendant. For the reasons discussed below, the Court will grant defendant's motion and enter an order dismissing plaintiffs' action.

### Facts

As I noted above, the accident at issue in this case occurred in January, 1985. Plaintiff Robert Nelson thereafter filed an administrative claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), & 2671–80, with the United States Postal Service. *See* 28 U.S.C. § 2401(b). The Court is not sure when this claim was filed. Plaintiffs submitted with their complaint a "Claim for Damage, Injury, or Death", on the Standard Form 95 prescribed by the Department of Justice, that is dated March 11, 1986, and is stamped as having been received March 13, 1986. Defendant attached to its Motion to Dismiss, however, a notice of adjudication of Mr. Nelson's administrative claim that is dated September

18, 1985, and apparently was mailed to plaintiffs on September 20, 1985. The parties agree, moreover, that the relevant starting date for the statute of limitations period is September 20, 1985. *See* Defendant's Memorandum at 1; Plaintiffs' Brief at 1. The Court thus will assume that the Postal Service mailed plaintiffs a notice of its denial of Mr. Nelson's claim on September 20, 1985. If, as the claim attached to plaintiffs' complaint indicates, plaintiffs filed an administrative claim on March 13, 1986, then the Court would have to dismiss plaintiffs' complaint anyway for failure to exhaust their administrative remedies.

■ Given that September 20, 1985 is the appropriate date from which to measure the timeliness of plaintiffs' complaint, plaintiffs had until March 20, 1986, or six months, in which to file their complaint. *See* 28 U.S.C. § 2401(b) (a FTCA action must be "begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented"). Plaintiffs assert in their brief in response to defendant's motion that the ending date of the limitations period was March 21, 1986. The Court disagrees. I agree that the limitations period began to run on September 21, 1985, which was the day after the Postal Service had denied Mr. Nelson's administrative claim. *See* Federal Rules of Civil Procedure, Rule 6(a). The FTCA limitations period expires, however, on the day before the same calendar date on which the period began, only six months later. In this case, March 21st was the first day of the seventh month, not the last day of the sixth month, and the period thus expired on March 20th. *See Murray v. United States Postal Service*, 569 F.Supp. 794, 795–96 (N.D.N.Y.1983). As I discuss below, though, this issue is essentially irrelevant since the record shows that the United States did not receive notice of plaintiffs' complaint within the statutory period regardless of whether the ending date was March 20, 1986 or March 21, 1986.

Plaintiffs filed their complaint on March 18, 1986. They thereafter proceeded to serve the following persons with the summons and complaint: (1) on March 26, 1986 they served the United States Postal Service, c/o the U.S. Attorney General, Washington, D.C., by certified mail; (2) also on March 26, 1986 they served the United States Postal Service, Battle Creek, Michigan, by certified mail; (3) on May 19, 1986 they again served the United States Post Office in Battle Creek, this time by personal service; and (4) on May 20, 1986 they served the United States Attorney General for the Western District of Michigan by personal service. On July 21, 1986 defendant filed its motion to dismiss, arguing that it is not subject to suit under the FTCA, and that the Court should not allow plaintiffs to file an amended complaint against the proper defendant, *i.e.*, the United States. Plaintiffs argue that although they "may have been incorrect in naming the United States Postal Service" as the defendant, the Court should allow them to amend their complaint to name the correct defendant.

### Discussion

As the above discussion indicates, the Court must resolve two issues to decide this motion: (1) whether plaintiffs properly named the United States Postal Service as the defendant; and (2) if they did not, whether they can file an amended complaint naming the proper defendant. The Court believes that the plaintiffs did not name the proper defendant in their March 18, 1986 complaint and that they should not be allowed to file an amended complaint.

■ With regard to the first issue, the United States is the only proper defendant in a FTCA action and courts have consistently dismissed FTCA claims filed against a federal agency or corporation or against federal employees. *E.g., Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir.1985); *Allen v. Veterans Administration*, 749 F.2d 1386, 1388 (9th Cir.1984); *Murray*, 569 F.Supp. at 795; *Murray v. United States Postal Service*, 550 F.Supp. 1211, 1212 (D.Mass.1982). The Court thus must dismiss plaintiffs' complaint against the Unit-

ed States Postal Service. The real issue in this case is whether the Court should allow plaintiffs to file an amended complaint naming the United States as the defendant. Since plaintiffs' time period for filing a complaint against the United States expired on March 20, 1986, their amended complaint would be timely only if it relates back pursuant to rule 15(c) of the Federal Rules of Civil Procedure to the date they filed their original complaint. If the amended complaint would not relate back to March 18, 1986, then the six month statute of limitations would bar plaintiffs' claim and the Court should not allow them to file an amended complaint.

The Supreme Court recently stated that an amended complaint naming a different party as the defendant will not relate back under rule 15(c) unless four requirements are satisfied: "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period." *Schiavone v. Fortune,* —— U.S. ——, ——, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18, 27 (1986). The Supreme Court held in *Schiavone,* moreover, that the notice required by the second and third factors must occur "within the time provided by law for commencing the action" against the defendant and that this time cannot be extended by the time for service provided for in rule 4(j) of the Federal Rules of Civil Procedure. *Id.* at ——, 106 S.Ct. at 2385, 91 L.Ed.2d at 28. The Court believes that the Supreme Court's holding in *Schiavone* effectively disposes of plaintiffs' case.

██ Even if I assume that plaintiffs' March 26, 1986 service of the summons and complaint on the United States Attorney General in Washington, D.C. constituted notice to the United States for purposes of rule 15(c), *see* FRCP 4(d)(4), the Attorney General did not receive such notice until six days after the limitations period had expired. Since the United States did not receive the notice required by rule 15(c) "within the period provided by law for commencing the action against" it, FRCP 15(c), plaintiffs' proposed amended complaint would not relate back to March 18, 1986. *See Allen,* 749 F.2d at 1389–90 (district court properly denied leave to amend where United States did not receive notice of the action within the six-month period); *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir.1982) (relation back under rule 15(c) in a FTCA case "requires that *actual* notice be received by the government *within* the six-month limitations period") (emphasis in original); *Murray,* 550 F.Supp. at 1212 (notice to the United States will be presumed if "the original complaint ... was served on the Agency or the United States Attorney *within the applicable period of limitations*") (emphasis added). The Court therefore must grant defendant's motion and deny plaintiffs' request to file an amended complaint, and will enter an order dismissing plaintiffs' complaint and this case.