Juanita A. WINTERS, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al., Defendants.

Civ. A. No. 89–0392.

United States District Court, District of Columbia.

Oct. 6, 1989.

Barry D. Bardack, Washington, D.C., for plaintiff.

James N. Owens, Asst. U.S. Atty., Washington, D.C., for defendant, U.S. Postal Service.

Janet Rubin Landesberg, Washington, D.C., for Washington Metropolitan Area Transit Authority.

---

**ORDER**

JOYCE HENS GREEN, District Judge.

On September 11, 1986, plaintiff Juanita A. Winters was a passenger on a transit bus owned and operated by the Washington Metropolitan Area Transit Authority ("WMATA") which collided with a mail truck owned by the United States Postal Service ("USPS"). She filed the instant action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), on February 14, 1989, seeking damages for injuries she allegedly sustained as a result of that collision. In her complaint, plaintiff named both WMATA and USPS as defendants. Presently pending before the Court are USPS's motion for summary judgment and plaintiff's motion to amend her complaint to substitute the United States of America as a defendant. For the reasons set forth below, both motions shall be granted.

**I. Background**

This lawsuit arises out of an accident that occurred on September 11, 1986, in which plaintiff was allegedly injured when a WMATA transit bus in which she was riding collided with a USPS mail truck. On December 23, 1987, plaintiff filed an administrative tort claim with the USPS, seeking damages for personal injury she allegedly suffered as a result of the accident. The USPS denied this claim and mailed plaintiff a letter of denial, by certified mail, on Monday, August 15, 1988.[1] Pursuant to 28 U.S.C. § 2401(b), plaintiff then had six months to file her complaint in federal district court.[2] Plaintiff filed the instant law-

---

[1]. See United States Postal Service's Motion for Summary Judgment, Exhibit 2.

[2]. There appears to be a split among the courts as to the proper method of calculating the six-month period. The courts are in agreement that the six-month period commences the day *after* the mailing of the denial of the administrative claim. However, while a majority of the courts hold that the limitations period runs through the *day before* the same calendar date six months later, *see, e.g., Vernell v. United States Postal Service*, 819 F.2d 108, 111–12 (5th Cir.1987); *Gervais By and Through Bremner v. United States*, 865 F.2d 196, 197 (9th Cir.1988); *McDuffee v. United States*, 769 F.2d 492, 494 (8th Cir.1985); *Kollios v. United States*, 512 F.2d 1316, 1316–17 (1st Cir.1975); *Murray v. United States*, 569 F.Supp. 794, 796 (N.D.N.Y.1983); *Yedwab v. United States*, 489 F.Supp. 717, 718–20 (D.N.J.1980), a minority of courts hold that the limitations period runs through the *same* calendar date six months later. *See, e.g., Bledsoe v. Department of Housing and Urban Development*, 398 F.Supp. 315, 318–21 (E.D.Pa.1975); *Rodriguez v. United States*, 382 F.Supp. 1, 2 (D.P.R.1974). *See also Tribue v. United States*, 826 F.2d 633 (7th Cir.1987) (concluding, as consistent with *McDuffee, Kollios, Murray*, and *Yedwab*, that when period begins on first day of a month, the period ends on the last day of the sixth month). The Court has been unable to find a case in this circuit addressing this issue.

suit in this Court on Tuesday, February 14, 1989. The complaint and summons were mailed to the Attorney General of the United States, by certified mail, on February 15, 1989 who received them on February 17, 1989.[3] Personal service of the complaint was made upon the United States Attorney on February 17, 1989.

Defendant USPS has now moved for summary judgment, arguing that under 28 U.S.C. § 2679(a), the United States of America, rather than the USPS, is the only proper defendant and that plaintiff may not substitute the United States as a defendant under Fed.R.Civ.P. 15(c). Plaintiff, recognizing that the USPS is not a proper defendant, has moved to amend her complaint under Rule 15(c) to substitute the United States as a defendant.

## II. Discussion

The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees; individual agencies of the United States cannot be sued. 28 U.S.C. §§ 1346(b), 2679(a).[4] *See Allen v. Veterans Administration*, 749 F.2d 1386, 1388 (9th Cir.1984); *Hagmeyer v. United States Dept. of Treasury*, 647 F.Supp. 1300, 1304–05 (D.D.C.1986). Plaintiff does not dispute this point. Accordingly, the USPS must be dismissed from this case.

The real issue in this case is whether plaintiff can amend her complaint to substitute the United States of America for the USPS. The problem facing plaintiff is that her amended complaint seeks to add the United States as a party after the running of the six-month statute of limitations period. Plaintiff contends that Rule 15(c) permits "relation back" of her amended complaint to the date her original complaint was filed, February 14, 1989, which would make the complaint timely as to the United States.

Fed.R.Civ.P. 15(c) permits an amendment to relate back to the date of the original complaint if the claim arises out of the conduct, transaction, or occurrence in the original pleading and the new party has sufficient notice of the institution of the action.[5] There is no dispute that the amended complaint arises out of the same occurrence as the original complaint. Rather, the crucial issue is whether the United States had sufficient notice of the action.

Rule 15(c) sets forth a general standard for determining whether sufficient notice

**3.** *See* Plaintiff's Opposition to the Motion for Summary Judgment of the U.S. Postal Service, Exhibit A.

**4.** 28 U.S.C. § 2679(a) of the Federal Tort Claims Act provides:

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

**5.** In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court articulated four factors that must be present for an amended complaint to relate back: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Id.* at 29, 106 S.Ct. at 2384.

In the instant case, the six-month period began on August 16, 1988, the day after the USPS mailed plaintiff's denial of her administrative claim. Applying the first method described above, the six-month period would have ended on February 15, 1989. Applying the second method, the period would have ended on February 16, 1989. The USPS, apparently utilizing the first method, states that the six-month period ended on February 15, 1989. *See* Motion for Summary Judgment, at 3. The Court need not resolve this issue and therefore expresses no opinion as to the proper method of calculation. As discussed, *infra*, the distinction in this case is irrelevant. Plaintiff's argument hinges on her *mailing* of a copy of the summons and complaint to the Attorney General on February 15, 1989, which would be within the limitations period even were the Court to apply the more restrictive method of calculation. Defendant's argument hinges on the Attorney General and the U.S. Attorney *receiving* a copy of the summons and complaint on February 17, 1989, which would be outside the limitations period even were the Court to apply the less restrictive method of calculation.

has been received by the proposed new defendant (hereinafter "general notice provision") and a special government notice rule (hereinafter "government notice provision") that applies only to amendments which seek to bring the United States, its agencies, or its officers into the action as defendants.

The general notice provision requires that:

within the period provided by law for commencing the action against the party to be brought in by the amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The government notice provision provides that:

The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

The USPS argues that under the Federal Tort Claims Act, unless the United States receives *actual* notice within the six-month statutory period after denial of the administrative claim that a suit had been filed against an improper party, the United States cannot thereafter be substituted as a correct party under Rule 15(c). The USPS urges the Court to look to Fed.R. Civ.P. 4(d)(4) to determine how service must be made upon the United States. Rule 4(d)(4) requires that in order to properly serve the United States of America, service must be made on both the Attorney General of the United States *and* the United States Attorney. Because plaintiff did not serve both entities by February 15, 1989, the USPS argues that the United States did not receive actual notice of plaintiff's claim. The Court disagrees.

In advancing this argument, the USPS relies primarily on *Allen v. Veterans Administration*, 749 F.2d 1386 (9th Cir.1984). *Allen* held that a plaintiff may substitute the United States as a defendant after the expiration of the statute of limitations only if both the U.S. Attorney and the Attorney General have received notice prior to the running of the statutory period. *Id.* at 1390. This decision was based in part on Fed.R.Civ.P. 4(d)(4)'s requirement that both the U.S. Attorney and the Attorney General must be served in order to properly serve the United States. *See id.* This Court's reading of *Allen* indicates that the *Allen* court did not address the argument raised by the plaintiff here—that the government notice provision of Fed.R. Civ.P. 15(c) contemplates that service as to either the United States Attorney *or* the Attorney General is sufficient to satisfy the notice and knowledge requirements of the Rule so as to allow an amended complaint to relate back.

Indeed, a recent decision of the Ninth Circuit, not cited by the USPS, confirms this Court's reading of *Allen*. In *Miles v. Department of the Army*, 881 F.2d 777 (9th Cir.1989), plaintiff timely filed a Title VII race discrimination complaint, incorrectly naming the Department of the Army, rather than the Secretary of the Army, as defendant. Additionally, plaintiff incorrectly served process on the Staff Judge Advocate's Office in the Presidio, although he did so within the 30–day statutory period for filing suit. The Staff Judge Advocate's Office, however, mailed the copy of the summons and complaint to the U.S. Attorney's Office, which received the documents within the period for commencing a Title VII action. The Government filed a motion to dismiss the complaint contending, *inter alia*, that an amended complaint naming the proper party would not relate back to the original filing date and therefore would be barred by the statute of limitations. The district court granted the motion and dismissed the complaint with prejudice.

On appeal, the Ninth Circuit reversed. Citing *Allen,* the court concluded that plaintiff's proposed amended complaint fell outside the scope of the terms of the general notice provision of Rule 15(c) because the Attorney General was never served. Nevertheless, the court found that the government notice provision of Rule 15(c) was satisfied by service upon the United States Attorney alone. In reaching this decision, the court examined the intent of the government notice provision:

> The government notice provision was added in 1966 specifically to remedy the harsh consequences resulting from application of the relation-back doctrine to cases in which parties had mistakenly named the wrong defendant in their suit against the government officers and agencies. *See* Fed.R.Civ.P. 15(c) advisory committee notes to 1966 amendment.

*Miles,* 881 F.2d at 782. The Court summed up its examination of the history of Rule 15(c) as follows:

> The [Advisory] Committee's notes and this circuit's construction of Rule 15(c) thus demonstrate that (1) Rule 15(c) was amended to remedy the injustice that resulted from the precise type of technical error that Miles committed in this case, and that (2) the central concern in determining whether an amendment to a pleading should relate back is not whether a particular service procedure is employed to place the government on notice, but rather whether the appropriate government official is *in fact* sufficiently notified of the action within the statutory period.

*Id.* at 783 (emphasis in original). This conclusion, combined with the liberal construction of Rule 15(c) required by *Allen,* lead the *Miles* court to reverse the district court's dismissal and allow Miles' proposed amended complaint to relate back.

*Miles* thus stands for the proposition that timely notice to either the U.S. Attorney *or* the Attorney General satisfies the government notice provision of Rule 15(c). *See also, Paulk v. Department of Air Force, Chanute Air Force Base,* 830 F.2d 79, 82 (7th Cir.1987) (complaint need not be served on both the U.S. Attorney *and* the Attorney General to allow relation back after the expiration of the limitations period because the notice requirement in the last paragraph of Fed.R.Civ.P. 15(c) is written in the alternative); *Vernell v. United States Postal Service,* 819 F.2d 108, 110, n. 2 (5th Cir.1987). In the instant case, that plaintiff did not serve the United States Attorney until after the six-month period had elapsed is not fatal to plaintiff's relation back argument. Although the complaint was personally served on the United States Attorney on February 17, 1989, after the expiration of the six-month period, the complaint and summons were mailed to the Attorney General of the United States on February 15, 1989, within the six-month statutory period. The unambiguous language of the government notice provision of Rule 15(c) dictates that plaintiff's mailing to the Attorney General of the United States constitutes notice to the United States for the purposes of Rule 15(c).

To the extent the USPS' pleadings can be construed as arguing that the Attorney General must *physically receive* a copy of the summons and complaint within the statutory period, the Court disagrees. Rule 15(c)'s language is clear and unambiguous:

> The delivery *or* mailing of process *to* the United States Attorney.... or the Attorney General of the United States.... satisfies the requirements of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought in to the action as defendant. (Emphasis added).

Rule 15(c)'s choice of the words "mailing to" rather than "receipt by," does not appear to be accidental or unintentional and this Court reads those words to mean what they say. That a plaintiff is afforded an alternative, i.e., delivery *or* mailing, further supports this Court's reading of the Rule. Although the Attorney General may not have *physically received* a copy of the complaint and summons until after the statutory period, plaintiff *mailed* these documents *to* the Attorney General on February 15, 1989, within the six-month statutory period. The plain meaning of the Rule

dictates that the United States had notice of the action within the meaning of Rule 15(c). Accordingly, plaintiff's amended complaint against the United States is deemed to relate back to the time of her original complaint on February 14, 1989.[6]

It may seem anomalous that mailing a summons and complaint to the Attorney General alone is sufficient notice to the United States within the meaning of Rule 15(c) but is not sufficient service upon the United States within the meaning of Fed.R. Civ.P. 4(d)(4). However, the plain language of the Rule, combined with the liberal construction that this Court must give it and the Advisory Committee's intent, leads inexorably to the conclusion that the drafters of Rule 15(c) knew exactly what they were saying. The court refuses to read out of Rule 15(c) the crucial words "or mailing of process to."

Here, because plaintiff mailed the summons and complaint to the Attorney General within the six-month period, her amended complaint against the United States relates back to the filing of her original complaint.

III. Conclusion

For the reasons set forth above, it is accordingly hereby

ORDERED that defendant United States Postal Service's motion for summary judgment is granted. It is

FURTHER ORDERED that plaintiff's motion for leave to file an amended complaint against the United States of America

is granted and plaintiff's amended complaint shall be accepted by the Clerk's Office for filing.

IT IS SO ORDERED.

**6.** The other cases upon which the USPS relies, *Hughes v. United States,* 701 F.2d 56 (7th Cir. 1982), *Carr v. Veterans Administration,* 522 F.2d 1355 (5th Cir.1975), and *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) are inapposite. These cases stand for the proposition that the interpretation of the words "within the period provided by law for commencing the action" in the general notice provision of Rule 15(c) do not include a "reasonable time" for service of process; rather, the United States must receive notice within the six month time period.

Here, plaintiff is not arguing that a "reasonable time" for service of process should be add-

ed to the six month period. Indeed, plaintiff would lose this argument. Rather, plaintiff contends that her mailing of the summons and complaint upon the Attorney General on February 15, 1989, within the six-month period, satisfied the governmental notice provision of Rule 15(c) and constituted sufficient notice to the United States to permit her amended complaint to relate back. As the final paragraph of Rule 15(c) provides, a plaintiff need only mail process to the United States Attorney *or* the Attorney General of the United States in order to provide notice to the United States so as to permit an amended complaint against it to relate back.