Malika HAAMID a/k/a
Malikka Haamid

v.

UNITED STATES POSTAL SERVICE
and Robert A. Desko and Hannaberr
Hvac and Pennsylvania Financial Re-
sponsibility Assigned Claims Plan and
Travelers Insurance Co. and General
Accident Co.

Civ. A. No. 89–0780.

United States District Court,
E.D. Pennsylvania.

Jan. 21, 1990.

Stephen A. Seidel, Philadelphia, Pa., for
Malika Haamid.

Dianne A. Dichter, Philadelphia, Pa., for
Pennsylvania Financial Responsibility As-
signed Claims Plan and Travelers Ins. Co.

James C. Haggerty, Philadelphia, Pa., for Hannaberr Hvac.

Shriley M. Coleman, F. O'Driscoll, Jr., Sharon M. Gurak, Philadelphia, Pa., for General Acc. Co.

James G. Sheehan, Linda L. Shafer, Asst. U.S. Attys., Philadelphia, Pa., for U.S. Postal Service.

## MEMORANDUM

WALDMAN, District Judge.

Presently before the court is the government's Motion to Dismiss. The government seeks to have the plaintiff's complaint against it dismissed for failure to name the proper party or to make proper service, and dismissed as to the other defendants for lack of pendant jurisdiction. Plaintiff has filed a "Cross–Motion to Amend" her complaint to substitute the United States for the U.S. Postal Service as the proper party defendant.

### I.   Facts

On February 14, 1987, plaintiff allegedly was a passenger in a vehicle owned by defendant Hannaberr and driven by defendant Desko, an employee of Hannaberr acting in the scope of his employment, when an accident ensued with a vehicle owned and driven by an employee of the United States Postal Service. Plaintiff sued the Postal Service under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 *et seq.*, and named five additional private parties as defendants. Plaintiff claims that she sustained damages "not in excess of $30,000." The case was placed in the court's arbitration program. The sole basis of all claims against the private parties is pendant party jurisdiction.

Plaintiff filed a timely administrative claim on August 4, 1988 and filed suit on February 2, 1989, six months thereafter.[1] Plaintiff made personal service on the United States Attorney's Office for the Eastern District of Pennsylvania on February 10, 1989. An assistant U.S. attorney notified plaintiff's counsel by letter of March 6, 1989 that the Federal Rules of Civil Procedure require that he also serve by certified or registered mail the Postal Service and the Attorney General. At least through December 18, 1990, plaintiff had not complied with that requirement.[2]

### II.   Pendant Party Jurisdiction

The court is obligated to determine the existence of subject matter jurisdiction and even to raise the issue *sua sponte* when it appears that jurisdiction is lacking. *Employers Insurance of Wausau v. Crown Cork & Seal Company, Inc.*, 905 F.2d 42, 45 (3d Cir.1990); *Mergenthal v. Temple University*, 1990 WL 63576, 1990 U.S.Dist. LEXIS 5783 (E.D.Pa. May 10, 1990). The court finds that it lacks subject matter jurisdiction over the claims against the private party defendants in this case.

Plaintiff's action against the United States is based upon the Federal Tort Claims Act. The basis asserted for the court's jurisdiction over the state law claims against the private parties is pendant party jurisdiction.

The United States Supreme Court has stated explicitly that there can be no pendant party jurisdiction in actions that are brought to federal court on the basis of the Federal Tort Claims Act. *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). The FTCA was enacted to permit individuals to bring claims against the United States. In *Finley*, the Court found that the intent of Congress was to allow suits "against the United States and no one else." *Id.* 109 S.Ct. at 2008.

Plaintiff attempts to distinguish *Finley* on the ground that the plaintiff there had originally sued the United States and then added private parties in an amended complaint, whereas the plaintiff here named all parties in her original complaint. There is nothing in the language of *Finley* to suggest that such a distinction requires a different result. Whether a pendant party is

---

1.  Plaintiff does not allege if or when her administrative claim was denied.

2.  Plaintiff's counsel was not advised that he had sued the wrong party.

named in an initial complaint or an amended complaint, the basis asserted for the court's jurisdiction is the same—pendant party jurisdiction.

Finally, plaintiff argues that dismissing the claims against the pendant parties would force her to pursue two separate actions, one against the private parties in state court, and the other against the United States in federal court.[3] The Court in *Finley* acknowledged that such a result, while not necessarily ideal, was indeed necessary. "[T]he efficiency and convenience of a consolidated action will sometimes have to be foregone in favor of separate actions in state and federal courts ... [B]ut [we] now conclude that the present statute permits no other result." *Id.* 109 S.Ct. at 2010.

For the foregoing reasons, plaintiff's complaint will be dismissed as to the non-governmental defendants.[4]

### III. Failure to Name or Serve the United States

Defendant claims that plaintiff's action should be dismissed because she improperly named the United States Postal Service as defendant, rather than the United States, and because more than 120 days have passed since the filing of the complaint without service on the Attorney General or the Postal Service. Plaintiff acknowledges that she should have named the United States as defendant, and filed a "Cross–Motion to Amend" her complaint in order to do so.[5]

■ The Federal Tort Claims Act makes clear that the exclusive remedy for damages caused by the negligence of government employees is a suit against the United States. 28 U.S.C. § 2679(a) & (b)(1). Thus, plaintiff's complaint is fatally deficient. The relation-back provision of Fed.R.Civ.P.

15(c), however, permits a plaintiff who named the wrong party as defendant under certain circumstances to amend their complaint so as to name the proper party. For an amended complaint to relate back, the party to be named therein must have sufficient notice of the action so that he would not be prejudiced in defending against it, and he must or should have known that but for a mistake as to the identity of the proper party, he would have been named.

■ In cases where the wrong governmental entity is sued, the government notice provision of Rule 15(c) creates an irrebuttable presumption that service upon the United States Attorney or his designee *or* upon the Attorney General satisfies the notice and knowledge requirements of the Rule so as to allow relation-back of an amended complaint substituting the proper governmental party. *See Edwards v. United States,* 755 F.2d 1155, 1158 (5th Cir.1985); *Winters v. United States Postal Service,* 721 F.Supp. 1388, 1391 (D.D.C. 1989). *See also Miles v. Department of Army,* 881 F.2d 777, 782–83 (9th Cir.1989); *Paulk v. Department of Air Force,* 830 F.2d 79, 82 (7th Cir.1987); *Murray v. U.S. Postal Service,* 550 F.Supp. 1211, 1212 (D.Mass.1982).

■ Plaintiff timely served the Office of the United States Attorney for the Eastern District of Pennsylvania. Thus, plaintiff is entitled to amend her complaint to name the United States and to relate that amendment back to the time of her initial filing. Accordingly, this action will not be dismissed for failure to name the proper party as defendant.

■ Defendant also claims that plaintiff's service of process was improper in that she failed to serve either the Attorney General or the Postal Service as required

---

**3.** It is unclear whether plaintiff's counsel filed a timely precautionary parallel suit against these parties in state court.

**4.** Because the court has no jurisdiction to entertain plaintiff's claims against defendants Hannaberr and Desko, it cannot enter judgment

against them. Plaintiff's motion for judgment by default against these defendants will be denied.

**5.** It appears that plaintiff filed such an amended complaint without leave, although it is unclear whom plaintiff may have served.

by Fed.R.Civ.P. 4(d)(4).[6]  The failure to sue the proper party is theoretically distinct from a failure properly to serve the sufficiently related wrong party who was sued. *See Montgomery v. U.S. Postal Service*, 867 F.2d 900, 904 (5th Cir.1989).

A deficiency in service normally may be justified only for good cause or excusable neglect.  *See* Fed.R.Civ.P. 4(j); *Braxton v. U.S.*, 817 F.2d 238, 241 (3d Cir.1987); *Whale v. U.S.*, 792 F.2d 951, 953 (9th Cir. 1986).  Inadvertence of counsel does not constitute good cause or an acceptable excuse.  *Braxton, supra.*  Quoting from a legal commentary on Rule 4, the Court in *Braxton* cautioned counsel to "[t]reat the 120 days with the respect reserved for a time bomb."  *Id.*  Here, even after being alerted, plaintiff's counsel failed to accord to the Rule even that respect due a firecracker.

Plaintiff has not even suggested that the failure to comply with the Rule resulted from good cause or excusable neglect, and does not even address this basis of the government's motion.  This is not surprising in view of the fact that on March 6, 1989, the U.S. Attorney's office specifically alerted plaintiff's counsel in writing to the requirements of Rule 4(d)(4).

The Court in *Winters* noted the anomaly between what constitutes sufficient service on the United States and what constitutes notice sufficient to allow an amended complaint against it to relate back.  *Winters*, 721 F.Supp. at 1393.  It is anomalous, if not ironic, that had plaintiff sued the proper party and served only the U.S. Attorney, her claim would be barred, but because she sued the wrong party, it may be salvaged. The plain language of Rule 15(c), however, appears to permit relation-back even in the face of deficient service under Rule 4.  *Edwards, supra; Winters, supra.*  Accordingly, plaintiff will be permitted to file and relate-back her amended complaint, and the

government's motion to dismiss her claim will be denied.

An appropriate order will be entered.

---

6. The docket indicates that a return of service on the Postal Service was filed on February 27, 1989, presumably reflecting service on the U.S. Attorney's Office.  Affidavits by representatives of the Attorney General and the Postal Service were submitted averring that they were not served.  Plaintiff acknowledges in her response to the government's motion that timely service was made only upon the U.S. Attorney.