Jose **LOPEZ**, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE,**
**Joseph McMillan, Jorge Quinones,**
**and Luis Ayala, Defendants.**

No. 89 C 3518.

United States District Court,
E.D. New York.

Aug. 2, 1990.

Gary R. Weinberg, Brooklyn, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y. (Paul Weinstein, Asst. U.S. Atty., of counsel), for defendants.

### MEMORANDUM AND ORDER

NICKERSON, District Judge:

In this Federal Tort Claims Act action, plaintiff alleges that he was injured on October 29, 1988, when a car in which he was riding collided with a United States Postal Service vehicle driven by postman Joseph McMillan in the scope of his employment.

Plaintiff filed a timely administrative claim with the Postal Service, which denied the claim in a letter dated June 14, 1989. Plaintiff then filed this action on October 23, 1989, served McMillan by mail and delivery to his home on October 28, 1989, and served the United States Attorney on March 21, 1990. The United States moves for dismissal of the action for untimely service.

Service upon the United States took place 144 days after the filing of the complaint, well outside the 120 day limit set by Federal Rule of Civil Procedure 4(j). However, on December 29, 1989 the United States Attorney's office received a copy of the complaint forwarded by the Postal Service.

Section 2679(c) of Title 28 provides that government employees shall deliver any process served upon them within a specified time to their supervisors, who shall then "promptly furnish copies of the pleadings and process" to the United States Attorney for the district where the action is brought and to the head of the employing federal agency. McMillan forwarded process to his employer on November 6, 1989, 14 days after the complaint was filed. The Postal Service, in turn, forwarded the documents to the United States Attorney for the Eastern District of New York.

Plaintiff argues that he should be able to rely on this statutory forwarding procedure to effect service on the United States. Plaintiff also urges that under Federal Rule of Civil Procedure 15(c), service upon the United States should relate back to a time unspecified, presumably before the 120 day period. The court construes these arguments as a request to amend the complaint to substitute the United States as the defendant, and to permit the claims to relate back to the filing of the original complaint.

 Rule 15(c) provides that an amendment changing the party against whom a claim is brought relates back to the original complaint if the claim or defense against the new party arises out of the same "conduct, transaction, or occurrence" set forth in the original pleading. In addition, the rule requires the new party have sufficient notice of the institution of the action. In general, if within the statutory period for commencing an action the new party

> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party[,]

notice is sufficient. Fed.R.Civ.P. 15(c). Where it is the United States government that is sought to be added, the

> delivery or mailing of process to the United States Attorney ... or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof[.]

*Id.*

Here the United States Attorney for the Eastern District of New York received the complaint 15 days after the end of the six-month limitations period that began from the date of denial of plaintiff's administrative claim. *See* 28 U.S.C. § 2401(b). Had the government received the complaint within the limitations period, this would have sufficed to provide notice to the government under Rule 15(c). *See Miles v. Department of the Army*, 881 F.2d 777 (9th Cir.1989); *Winters v. United States Postal Service*, 721 F.Supp. 1388 (D.D.C. 1989). The relation back doctrine, however, is related to the policy of statutes of limitation, and only applies where the government has been put on notice within the statutory period. *See* Fed.R.Civ.P. 15(c) advisory committee notes.

The government argues that 28 U.S.C. § 2679(c) does not supplant Federal Rule of Civil Procedure 4(d) as a method of service upon the United States. There is disagreement among the courts considering the question of whether tort suits commenced in state court and thereafter removed to federal court by the Attorney General relate back to the time of the initial state court filing.

**12**

In *McGowan v. Williams,* 623 F.2d 1239, 1244 (7th Cir.1980), the court held that § 2679(c) "makes a federal driver the agent for service of process for the United States", and permitted substitution of the United States under Rule 15(c) where an action against the driver was timely commenced in state court. *See also Jackson v. Southeastern Pennsylvania Transportation Authority,* 727 F.Supp. 965, 967 (E.D. Pa.1990); *cf. Staple v. United States,* 740 F.2d 766, 770 n. 2 (9th Cir.1984) (acknowledging § 2679(c) makes driver agent of United States for process but disputing that removed action implicates Federal Rules).

The context of these cases is different from that of the present case. A plaintiff who sues in state court may not realize that the defendant is a federal employee and so have no reason to serve the United States. Plaintiff's complaint clearly states that he brings action against McMillan for acts committed in the scope of his federal employment. The section that plaintiff's attorney argues provides an alternate means of service is entitled "Exclusiveness of Remedy" and provides that an action against the United States is the sole remedy for personal injury resulting from the negligent conduct of federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). An attorney filing an action in federal court should be on notice as to the existence of the Federal Rules of Civil Procedure, and their provisions for service upon the government.

 Federal Rule of Civil Procedure 4(j) requires dismissal without prejudice if a plaintiff fails to serve the United States within 120 days of filing the complaint, unless good cause is shown. Inadvertence of counsel is not good cause. *United States v. Kenner General Contractors, Inc.,* 764 F.2d 707, 710 (9th Cir.1985). Nor will actual notice or absence of prejudice to the government defendant support a finding of "good cause" in the absence of plaintiff's diligent attempt to effect service within the 120 day period. *In re City of Philadelphia Litigation,* 123 F.R.D. 512, 514 (E.D.Pa.1988).

The court notes that had this action been filed in state court against McMillan, the outcome might be different. Had the Attorney General removed the case, *McGowan* would permit substitution of the United States and reliance upon § 2679(c) as a means of providing service upon the government. Furthermore, upon certification by the Attorney General that McMillan was acting in the scope of his employment, plaintiff's state court claim would then be "deemed an action against the United States," 28 U.S.C. § 2679(d)(1), separate from the one he had already presented to the Postal Service. *See O'Neill by O'Neill v. United States,* 732 F.Supp 1254, 1256–57 (E.D.N.Y.1990). Plaintiff would then have another opportunity to file an administrative claim as required under 28 U.S.C. § 2675(a) and proceed to federal court if that claim were denied. *Id.*

Plaintiff's attorney did not choose this course. The United States is the only proper defendant in personal injury actions brought under the Federal Tort Claims Act, *see Nelson v. United States Postal Service,* 650 F.Supp. 411, 412 (W.D.Mich.1986), and it may only be substituted as a defendant where it has received notice within the limitations period, *id.* at 413. *See also Stewart v. United States,* 655 F.2d 741, 742 (7th Cir.1981) (in same situation, plaintiff's remedy is a malpractice suit). The action is dismissed.

So ordered.