**Betty Lou ALLEN, Plaintiff-Appellant,**

v.

**VETERANS ADMINISTRATION,
Defendant-Appellee.**

**No. 83–2160.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 1984.

Decided Dec. 27, 1984.

Glynn P. Falcon, Alfred P. Chasuk, Inc., Mountain View, Cal., for plaintiff-appellant.

Sandra Willis, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before KENNEDY and CANBY, Circuit Judges, and NIELSEN,* District Judge.

KENNEDY, Circuit Judge:

The issue on appeal is whether the United States had received sufficient notice of an original complaint so that by an amended complaint the United States could be added as a named party to the action after the statute of limitations expired. The plaintiff mistakenly sued a federal agency instead of the United States, the proper defendant. She served her complaint upon the agency within the period of limitations. The United States Attorney's Office, however, did not receive actual notice of the action until several days after the statute of limitations had run and did not receive formal service until almost two months

---

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

thereafter. There is no indication that the United States Attorney General has ever received actual notice of this suit or has ever been formally served with the complaint. The district court held that the United States had not received sufficient notice prior to the running of the statute of limitations to allow it to be added as a defendant as of the date the original complaint was filed against the agency. We agree and affirm.

Allen was injured while visiting a Veterans Administration Hospital. As prescribed by the Federal Tort Claims Act, 28 U.S.C. § 2401(b) (1982), she filed a claim with the Veterans Administration within two years of the accident. The Veterans Administration found her claim to be meritorious and offered to settle the claim for $7,000. Allen rejected the settlement offer. The Veterans Administration then denied her claim in a letter mailed January 20, 1982. On July 12, 1982, Allen filed a complaint alleging that the negligence of the Veterans Administration caused her injuries. The Veterans Administration was the sole defendant named in the complaint. The district counsel for the Veterans Administration received the complaint on July 20, 1982 and two days later informed Allen's counsel by letter that the United States had to be served. The United States Attorney's Office received a copy of the complaint from the Veterans Administration on July 23, 1982. Allen did not formally serve the complaint on the United States Attorney until September 15, 1982. The United States apparently has not been served properly, as a copy of the complaint never has been mailed to the Attorney General. *See* Fed.R.Civ.Proc. 4(d)(4), (5).

■ In response to a motion by the United States, the district court dismissed the complaint on the ground that the United States, not the Veterans Administration, was the proper defendant. The district court denied Allen's motion to reconsider the dismissal of the complaint, to amend the complaint to include the United States as a defendant, and for relief from judgment under Federal Rules of Civil Procedure 60(b). Allen appeals from the denial of her motions. No judgment of dismissal

of the action was entered below. Ordinarily the dismissal of a complaint without the dismissal of the underlying action is not an appealable final order under 28 U.S.C. § 1291. *Proud v. United States,* 704 F.2d 1099, 1100 (9th Cir.1983); *California v. Harvier,* 700 F.2d 1217, 1218 (9th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983). Nonetheless, where, as here, the district court dismisses the complaint and then denies the plaintiff leave to amend the complaint to add the only suable defendant, the district court has effectively disposed of the action, and we have jurisdiction under 28 U.S.C. § 1291. *See Walsh v. United States,* 672 F.2d 746, 747 (9th Cir.1982); *Mark v. Groff,* 521 F.2d 1376, 1379 (9th Cir.1975).

■ The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees. 28 U.S.C. §§ 1346(b), 2679(a) (1982). Individual agencies of the United States may not be sued. *Evans v. United States Veterans Administration Hospital,* 391 F.2d 261, 262 (2d Cir.1968) (per curiam), *cert. denied,* 393 U.S. 1040, 89 S.Ct. 667, 21 L.Ed.2d 859 (1969); *United States v. Dooley,* 231 F.2d 423, 424 (9th Cir.1955). The FTCA also requires that a disappointed claimant file suit within six months of the date of the mailing of the letter denying her administrative claim. 28 U.S.C. § 2401(b). The Veterans Administration's letter of denial was mailed on January 20, 1982. Thus, under the statute Allen was required to sue the United States by July 20, 1982. She did not do so.

■ Allen, relying upon Rule 15, Federal Rules of Civil Procedure, argues that she is entitled to amend her complaint to name the United States as the defendant and to make the amended complaint retroactive to the date of her original complaint against the Veterans Administration. Rule 15(a) allows a plaintiff to amend her complaint once, as of right, at any time prior to the filing of a responsive pleading. A motion to dismiss the complaint is not a responsive pleading. *Mayes v. Leipziger,* 729 F.2d

605, 607 (9th Cir.1984); *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 789 (9th Cir.1963). A plaintiff's right to amend continues after the complaint is dismissed so long as the action itself has not yet been dismissed and the amended complaint would itself be timely. *Breier*, 316 F.2d at 789. Accordingly, if Allen's amended complaint was timely, her motion to amend the complaint should have been granted.

Allen's proposed amended complaint faces a fundamental problem: she seeks to add the United States as a party after the running of the statute of limitations on July 20, 1982. Allen contends, however, that her amended complaint should relate back to July 12, 1982 when her original complaint was filed. Rule 15(c) allows the filing date of an amended complaint naming a new party to relate back to the filing date of the original complaint if the claim arises out of the same conduct, transaction, or occurrence as the original complaint,

> and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Allen's amended complaint obviously arises out of the same occurrence, and the United States reasonably should know that it, rather than its agencies, is the proper defendant in Federal Tort Claims Act suits.

■ The question is therefore whether the United States "within the period provided by law for commencing the action … received such notice of the institution of the action that [it] will not be prejudiced in maintaining [its] defense on the merits." The second paragraph of Rule 15(c) specifically addresses mistakes in suing government officers and entities:

> "The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would be a proper defendant if named, satisfies the requirement[s above] with respect to the United States or any agency or officer thereof to be brought into the action as a defendant."

Allen has not satisfied these requirements. The United States Attorney and the Attorney General were not served before the statute of limitations ran. The Veterans Administration, even if arguably served, would not have been a proper party.

■ Further, the United States did not otherwise receive notice of Allen's suit prior to the running of the statute of limitations. While some courts have indicated that service of the complaint upon an agency or a responsible government officer would alone be sufficient to impute the necessary notice to the United States, *see Carr v. Veterans Administration*, 522 F.2d 1355, 1357–58 (5th Cir.1975); *Murray v. United States Postal Service*, 550 F.Supp. 1211, 1212 (D.Mass.1982), the law is to the contrary in the Ninth Circuit. In *Williams v. United States*, 711 F.2d 893, 898 (9th Cir.1983), we held that actual knowledge possessed by an agency will not be imputed to the United States. Thus, the Veterans Administration's receipt of the complaint prior to the running of the statute of limitations is insufficient to give actual notice to the United States within the prescribed period. *See also* Fed.R. Civ.Proc. 4(d) (proper service on either United States or a federal agency requires service upon both United States Attorney and United States Attorney General).

■ Similarly, while the Second Circuit allows the notice required under Rule 15(c) to be within the period of the statute of limitations *or* within a reasonable time for the service of process thereafter, *Ingram v. Kumar*, 585 F.2d 566, 571–72 (2d Cir. 1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Murray v. United States Postal Service*, 569 F.Supp. 794, 796–97 (N.D.N.Y.1983), we interpret Rule 15(c)'s language literally. The United States must have actual notice within the period of the statute of limitations even if it receives actual notice within a time which would be reasonable for the service of valid

process. *Williams,* 711 F.2d at 898; *accord Hughes v. United States,* 701 F.2d 56, 58–59 (7th Cir.1982) (per curiam); *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir.1981). Here, the United States Attorney's Office did not receive informal notice of this suit until three days after the statute of limitations ran.

Even were we to follow the Second Circuit's rule, its application would be inappropriate here. There is no indication that the United States Attorney General has ever been given notice of this suit, let alone notice within a reasonable time for service since the filing of the complaint. Notice to the Attorney General is a necessary component of notice to the United States. *See* Fed.R.Civ.Proc. 4(d)(4), (5) (service upon Attorney General necessary to serve United States or agency or officer thereof); *Battaglia v. United States,* 303 F.2d 683, 685–86 (2d Cir.), *cert. dismissed,* 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962).

■ Only if the United States Attorney and the Attorney General receive notice of the suit prior to the running of the statute of limitations will a plaintiff be allowed to substitute the United States as a defendant under Rule 15(c). This is not an unreasonable rule, particularly considering that Rule 4(d) of the Federal Rules of Civil Procedure requires service upon both the United States Attorney and the Attorney General whenever an agency is sued.

■ Finally, the district court did not abuse its discretion in denying relief from judgment under Rule 60(b), as mistake, inadvertence, or excusable neglect does not include failure to sue the proper defendant within the period prescribed by the statute of limitations.

The judgment of the district court is AFFIRMED.