**USS–POSCO INDUSTRIES and BE & K Construction Company, Plaintiffs,**

v.

**CONTRA COSTA COUNTY BUILDING & CONSTRUCTION TRADES COUNCIL, AFL–CIO, et al., Defendants.**

No. C–87–4829 DLJ.

United States District Court, N.D. California.

May 1, 1989.

Michael N. Khourie of Khourie, Crew & Jaeger, San Francisco, Cal., Richard A. Leasia of Littler, Mendelson, Fastiff & Tichy, San Jose, Cal., for plaintiffs.

Peter D. Nussbaum of Neyhard, Anderson, Nussbaum, Reilly & Freitas, Victor J. Van Bourg and Sandra Rae Benson of Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for defendants.

## ORDER

JENSEN, District Judge.

Defendants' motions for partial summary judgment, plaintiffs' motion to file an amended complaint, and defendants' motions to dismiss amended complaint and for sanctions were heard by the Court on April 12, 1989. Appearing for plaintiffs was Michael N. Khourie of Khourie, Crew & Jaeger and Richard A. Leasia of Littler, Mendelson, Fastiff & Tichy. Appearing for defendants Steamfitters Local 342 and IBEW Local 302 was Peter D. Nussbaum of Neyhart, Anderson, Nussbaum, Reilly & Freitas. Victor J. Van Bourg and Sandra Rae Benson of Van Bourg, Weinberg, Roger & Rosenfeld appeared for all other defendants.

After considering the briefs submitted by the parties, the oral argument of counsel and the applicable legal standards, the Court hereby: (1) GRANTS defendants' motions for partial summary judgment; (2) partially GRANTS plaintiffs' motion to file an amended complaint; (3) partially GRANTS defendants' motions to strike or dismiss the amended complaint; and (4) DENIES defendants' motion for sanctions.

## I.

Plaintiffs' action raises the issue of the scope of permissible activities through which labor unions may attempt to influence hiring and contracting decisions by employers.

Plaintiff USS–POSCO Industries ("UPI") is a general partnership formed between USX Corporation and Pohang Iron and Steel for the purpose of modernizing an outdated steel facility in Pittsburg, California. Plaintiff BE & K Industries ("BE & K") is a non-union contractor to which UPI awarded the contract to modernize the facility. There are 12 defendants. Seven are locals of various unions associated with the AFL–CIO, and five are associations of labor unions.

In their original complaint, plaintiffs allege that defendants engaged in unfair labor practices under sections 8(b)(4)(ii)(A) and (B) of the NLRA, 29 U.S.C. §§ 158(b)(4)(ii)(A) and (B), by: (1) advocating for the adoption and enforcement of a toxic waste ordinance in Contra Costa County which would impede the modernization of the Pittsburg facility; (2) picketing and handbilling at plaintiffs' premises; (3) filling a lawsuit in state court, the *"Pile Drivers"* suit, alleging violations of the California Health and Safety Code; and (4) initiating collective bargaining grievance proceedings against Eichleay Constructors, Inc., a partner in a joint venture with plaintiff BE & K to perform the project contract.

The Court heard defendants' previous motion for partial summary judgment on June 1, 1988. In an Order dated July 29, 1988, the Court:

(1) granted the motion as to plaintiffs' first cause of action alleging improper lobbying of state and local legislative bodies;

(2) granted the motion as to plaintiffs' fourth cause of action for bad faith filing of collective bargaining grievances; and

(3) denied the motion, without prejudice, as to plaintiffs' third cause of action alleging bad faith filing of the *Pile Drivers* litigation in state court. *USS–POSCO v. Contra Costa County Bldg. & Const. Trades Council, AFL–CIO*, 692 F.Supp. 1166 (N.D.Cal.1988).

At the hearing on defendants' previous motion, the Court set a date in early December, 1988 to hear defendants' renewed motion for summary judgment of the third cause of action. The Court requested this second hearing to provide plaintiffs with more time for discovery pursuant to Federal Rule of Civil Procedure 56(f). As the December hearing date approached, a dispute arose between the parties regarding several depositions. The Court issued an Order on November 14, 1988, assigning the discovery dispute to the United States Magistrate and postponing the hearing date for the summary judgment motion until the depositions at issue were completed. Based on the representations made by both parties during oral argument, the Court is satisfied that the depositions underlying the continuance of these motions have been completed. Accordingly, defendants' mo-

tions for partial summary judgment are properly before the Court.

## II.

Plaintiffs' third claim in the original complaint alleges that defendants committed an unfair labor practice by filing the *Pile Drivers* action in state court. Several of the defendants contend that they are not liable under this claim because they were not parties in the state court litigation. The remaining defendants assert that this claim is barred by the *Noerr–Pennington* doctrine. The Court finds both positions asserted by defendants persuasive.

■ Defendants IBEW Local 302, Steamfitters Local 342, Contra Costa Building and Construction Trades Council, Plasterers and Cement Masons Local 825 and IBOB Local 549 all contend that they should be dismissed from plaintiffs' third cause of action since they were not parties in the *Pile Drivers* suit. Plaintiffs concede that these defendants were not parties in the state action, but argue that these non-party defendants are still liable under the third cause of action because they are the agents of the defendants who were named in the state lawsuit. UPI's position is based on the contention that these non-party defendants "played a central, integral role in the highly coordinated campaign against the UPI project, of which the *Pile Drivers* litigation is only a part."

Plaintiffs' position is incorrect. Even assuming that the *Pile Driver* litigation was part of a campaign to halt the UPI project, and that these non-party defendants were highly involved in that campaign, this factual background is not sufficient to hold these defendants liable under this claim. The non-party defendants cannot be held liable for a action based on the filing of lawsuit to which they were not parties. Because plaintiffs have failed to establish that these defendants were named parties in the *Pile Drivers* litigation, the non-party defendants' motions for partial summary judgment are hereby GRANTED.

■ Regarding the remaining defendants, as the Court's July 29, 1988 Order sets forth, in order to meet their burden of proof, plaintiffs must make an evidentiary showing which establishes both that the *Pile Drivers* suit "lacks a reasonable basis in law and ... was filed with an improper motive" to state an actionable claim under the *Noerr–Pennington* doctrine. *USS-POSCO*, 692 F.Supp. at 1170 (citing *Int'l Longshoremen's and Warehousemen's Union v. Pacific Maritime Ass'n, et al.*, 773 F.2d 1012, 1015 (9th Cir.1985), *cert. denied*, 476 U.S. 1158, 106 S.Ct. 2277, 90 L.Ed.2d 720 (1986)); *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983).

Therefore, to defeat defendants' motion for summary judgment, plaintiffs must make a showing sufficient to establish that a genuine issue of material fact exists as to whether (1) the *Pile Drivers* action had no reasonable basis in law, and (2) was motivated by an improper motive. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Plaintiffs have failed to satisfy this burden. There is no genuine issue of material fact regarding whether the state court action had a reasonable basis in law.

The *Pile Drivers* litigation sought to enjoin alleged violations of the California Health and Safety Code caused by the removal of hazardous waste materials from the UPI project site. Although the state court action was not successful on its merits,[1] that circumstance is not of itself evidence that the suit was filed without a reasonable foundation and plaintiffs have not provided evidence to support a conclusion that the action was filed without a legal basis. Following the instigation of the *Pile Drivers* litigation, Federal OSHA investigated the jobsite and found numerous health and safety violations. Plaintiffs have submitted no evidence to counter or explain away defendants' showing that the jobsite was cited for violations of health

---

**1.** Defendants' motion for a temporary restraining order and for a preliminary injunction were

both denied by the presiding state court.

and safety regulations following the instigation of the *Pile Drivers* action. It is therefore clear that there is no genuine issue of material fact on the issue of whether or not health and safety problems existed on the UPI project when the *Pile Drivers* action was filed. Accordingly, the Court finds that the plaintiffs have cited no evidence which could support a finding that no reasonable legal and factual basis existed for the filing of the state court action.

Therefore, the Court hereby GRANTS defendants' motions for partial summary judgment and dismisses plaintiffs' third cause of action.

### III.

Plaintiffs filed an amended complaint on October 3, 1988. Defendants contend that plaintiffs improperly amended their complaint by alleging causes of action that were contained in the original complaint and that had previously been dismissed by the Court.

Before addressing the substance of the amended complaint, it must be determined whether plaintiffs are entitled to amend their complaint under the Federal Rules of Civil Procedure. Under Rule 15 of the Federal Rules, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, ... Otherwise a party may amend the party's pleading only be leave of the court or by written consent of the adverse party." Fed.R.Civ.P. 15(a).

■ In the present case, defendants IBEW Local 302 and Steamfitters Local 342 filed a "motion to dismiss and/or for summary judgment," but not an answer to plaintiffs' original complaint, before plaintiffs filed their first amended complaint. Because neither motions to dismiss or motions for summary judgment are responsive pleadings for purposes of Rule 15, *Allen v. Veterans Administration*, 749 F.2d 1386, 1388 (9th Cir.1984); *Kirk v. United States*, 232 F.2d 763, 770 (9th Cir.

1956), plaintiffs are permitted to file an amended complaint against these two defendants as a matter of course.

The remaining defendants filed an answer to the original complaint prior to the filing of defendants' amended complaint. Thus, under Rule 15(a) plaintiffs may not amend as a matter of course against these defendants. However, after considering the record in this action and the oral argument of counsel, the Court GRANTS plaintiffs' motion under Rule 15(a) for leave to file an amended complaint. Plaintiffs may therefore file an amended complaint against all defendants.

■ Turning to the substance of plaintiffs' current amended complaint, the Court will not grant leave to file the amended complaint that is currently on file in this action. The current amended complaint is unacceptable because the first cause of action includes a restatement of several of the claims upon which summary judgment for defendants has already been granted by the Court. Plaintiffs may not allege in their amended complaint causes of action which have already been removed from this action by summary judgment, whether or not they are asserted in combination with other valid or invalid claims.[2] The court therefore partially GRANTS defendants' motions to dismiss or strike plaintiffs' current amended complaint. Plaintiffs must file their revised amended complaint within twenty days from the date of this Order.

### IV.

Finally, defendants have also filed a motion for sanctions against plaintiffs for filing their amended complaint. After considering the briefs submitted by the parties and the record in this case, the Court hereby DENIES defendants' motion for sanctions.

### V.

Therefore, the Court hereby GRANTS defendants' motions for partial summary

---

**2.** There has not yet been a sufficient showing made to the Court that it would be futile to allow the second cause of action in the current amended complaint to be included in a subsequent amended complaint. However, this fact does not preclude defendants from bringing appropriate motions to challenge the validity of the antitrust claim when, and if, it is filed.

judgment, partially GRANTS plaintiffs' motion to file an amended complaint, partially GRANTS defendants' motions to dismiss or strike the amended complaint, and DENIES defendants' motion for sanctions. A status conference will be held in this action on June 21, 1989 at 9:00 A.M. in the chambers of this Court.

IT IS SO ORDERED.