988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William J. DIGMAN, as Administrator of the Goods, Chattels
and Credits which were of Captain Jeffrey Scott Digman,
USMC, Deceased; William J. Digman; Donna M. Digman,
individually and as parents, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-56501.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-90-0688-GLT, Gary L. Taylor, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before JAMES R. BROWNING, HUG and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court correctly dismissed the action for lack of jurisdiction. The Federal Tort Claims Act requires plaintiffs to file suit against the United States--not against an individual agency--within six months of the mailing of the letter denying any administrative claims. 28 U.S.C. §§ 1346(b), 2401(b), 2679(a); Allen v. Veterans Admin., 749 F.2d 1386 (9th Cir.1984).[1] The denial letter was sent on April 16, 1990. SER 28-29. The Digmans' complaint, filed October 11, 1990, didn't name the United States as a defendant. CR 1. Plaintiffs didn't move to amend the complaint to name the United States until April 8, 1991, almost six months after the clock ran out. CR 10.
 
 
 3
 Fed.R.Civ.P. 15(c) allows amendments to relate back to the date of the original complaint, but only if the United States Attorney or the Attorney General receive notice of the suit before the statute of limitations runs. Allen, 749 F.2d at 1389-90. We strongly doubt the Digmans' letter to the Attorney General was adequate notice, but even if it was, it was sent on October 24, 1990, more than six months after April 16. The Marine Corps and the Department of the Navy knew of the suit before October 16, but "actual knowledge possessed by an agency will not be imputed to the United States." Id. at 1389.[2]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Digmans' complaint, CR 1 at 1, contended the court had jurisdiction under both the Federal Tort Claims Act and under the Military Claims Act, 10 U.S.C. § 2733, but the Military Claims Act confers no jurisdiction on any court; it merely provides for administrative settlements
 
 
 [2]
 We note our concern with Attorney Karlson's work in this case. The complaint violates Fed.R.Civ.P. 8(a)'s requirement of a "short and plain statement of the claim"; the brief violates Fed.R.App.P. 28(a)(3) and 9th Cir.R. 28-2.2, 28-2.8, 30-1.2; the appeal borders on the frivolous; and the failure to name the proper parties has forfeited plaintiffs' claims