28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosalee EVANS, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS; Federal Correction Institution,
Pleasanton, Physicians Assistance Staff, and M.
Jackson, Counselor, Defendants-Appellees.
 No. 93-15443.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 28, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosalee Evans, a federal prisoner, appeals pro se the district court's summary judgment for defendant prison officials in Evans's Bivens[1] action alleging that defendants were deliberately indifferent to her serious medical needs by (1) assigning her to nonsedentary work contrary to a prison doctor's recommendation, and (2) preventing her from obtaining an ankle brace for her arthritis. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). To avoid summary judgment, the nonmoving must raise a "genuine" factual dispute concerning her claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted). A dispute is not genuine "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citations omitted). Thus, a "suspicion of improper motives, unsupported by stronger evidence, is insufficient to raise an issue of fact." Moore v. Home Ins. Co., 601 F.2d 1072, 1075 (9th Cir.1979).
 
 II
 Deliberate Indifference to Medical Needs
 
 5
 To prevail on an eighth amendment claim of medical mistreatment, an inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. Id.; Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 A. Defendant Jackson
 
 6
 Evans contends that defendant Jackson was deliberately indifferent to her medical needs because he assigned her to nonsedentary work contrary to the recommendation of the prison doctor. This contention lacks merit.
 
 
 7
 In support of her summary judgment motion, Jackson submitted her own affidavit, the affidavit of a prison doctor, Evans's medical records, and records of Evans's work assignments. The evidence shows that, on January 17, 1991, a prison doctor recommended that Evans be assigned to sedentary work rather than to food-service duty because of arthritis in Evans's right ankle. Jackson removed Evans from food-service duty six days later and assigned her to yard detail for six days. Jackson then took Evans off work entirely for two months because she was unable to provide Evans with work that would accommodate her physical condition. Evans was again assigned to dining room work from April 5 to April 11. On April 11, Jackson reassigned Evans to work in the prison law library. According to Jackson's affidavit, prisoners working in the law library are permitted to monitor their own needs and rest when necessary.
 
 
 8
 Evans's affidavit filed in opposition to the summary judgment motion, does not dispute any of the evidence submitted by Jackson. Rather, in referring to Jackson's actions, Evans states only that the Bureau of Prisons was deliberately indifferent to her medical needs.
 
 
 9
 Given these circumstances, we agree with the district court's conclusion that Evans failed to raise a triable issue of fact as to whether Jackson was deliberately indifferent to her medical needs. The evidence indicates that Jackson attempted to accommodate Evans's physical condition by taking her off work duty for two months and then assigning her to work in the prison law library. Moreover, nothing in the record indicates that Evans's placement in nonsedentary positions for a period of two weeks over the course of several months was the result of anything more than negligence. Accordingly, the district court did not err by granting summary judgment for Jackson. See Estelle, 429 U.S. at 106; Franklin, 662 F.2d at 1344.
 
 B. Defendant Kelley
 
 10
 On November 30, 1990, a prison doctor examined Evans and scheduled an x-ray for her right ankle. The x-ray confirmed her need for a brace and the prison doctor wrote Evans an order to have a brace brought from Evans's home. Subsequently, defendant Jackson informed Evans that the brace could not come into the prison from the outside and that Evans would need to have a new brace made. To do this she was required to see an orthopedist. Kelley, a Physician's Assistant at the prison medical clinic, told Evans that she would schedule an orthopedic appointment for her. Kelley never scheduled the appointment, however. A different Physician's Assistant subsequently informed Evans that Kelley did not have the authority to schedule such an appointment. When Evans was transferred from FCI-Pleasanton to another prison in February 1992, she still had not received her ankle brace.
 
 
 11
 Evans contends that Kelley purposefully deceived her when she promised her that she would schedule an appointment with an orthopedist. Accordingly, she contends that Kelley was deliberately indifferent to her medical needs. This contention lacks merit.
 
 
 12
 We agree with the district court that Evans has not shown a triable issue of fact as to whether Kelley's actions amounted to deliberate indifference. Although Kelley may have acted negligently in agreeing to set up an appointment for Evans, there is no indication in the record that his actions amounted to deliberate indifference. Accordingly, the district court did not err by granting summary judgment for Kelley. See Estelle, 429 U.S. at 106; Franklin, 662 F.2d at 1344.
 
 III
 Federal Torts Claim Act
 
 13
 Evans contends that the district court erred by dismissing her claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 2671-2680. This contention lacks merit.
 
 
 14
 "The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees. Individual agencies of the United States may not be sued." Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir.1984) (citations omitted).
 
 
 15
 In initially dismissing her complaint with leave to amend, the district court specifically advised Evans that she needed to name the United States as a party to her FTCA claim. Evans failed to do so when she filed her amendment. Accordingly, the district court did not err by dismissing Evans's FTCA claim for failure to name the United States as a party. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, to the extent Evans seeks oral argument, we deny her request
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971)