**Filed 10/29/96**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

FRANKLIN WHITTAKER,                     )
                                        )
      Plaintiff-Appellant,             )
                                        )
v.                                      )          No. 96-3192
                                        )     (D.C. No. 95-CV-3260)
(NFN) SCOTT, Warden, and WILLIAM JETER,)      (D. Kansas)
Federal Correctional Officer,           )
                                        )
      Defendants-Appellees.            )

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Franklin Whittaker filed the instant suit on a civil rights action form against the warden and an officer who served at the federal penitentiary in Leavenworth, Kansas. The complaint alleged only that when plaintiff was sent to Springfield Medical Center for medical reasons he left personal property in care of defendants and when he returned some of the property was missing, citing 28 U.S.C. § 1313 (apparently intending to cite 28 U.S.C. § 1331). Plaintiff's application for leave to proceed in forma pauperis recited that his property was lost "due to negligence of B.O.P. offices."

Defendants filed a motion to dismiss on various grounds: lack of subject matter jurisdiction, lack of personal jurisdiction over the named defendants who had been transferred to assignments in other states, insufficient service of process on defendants in their individual capacities, and for failure to state a claim. Defendants' motion and accompanying brief contained a certificate of service showing copies had been mailed to plaintiff at his current address in U.S.P. Allenwood, White Deer, Pennsylvania. When plaintiff did not respond to the motion to dismiss, the district court granted the motion as uncontested and dismissed the complaint pursuant to a local rule. Plaintiff filed a timely notice of appeal.

In his appellate brief plaintiff asserts that defendants and the court violated Fed. R. Civ. P. 5(a) by failing to serve him with a copy of the motion to dismiss or to notify him of the court's intent to grant the motion. Thus, he claims he had no opportunity to convince the court to refrain from dismissal. Plaintiff did not present his arguments to the

district court by a motion for reconsideration or otherwise. On appeal defendants correctly contend that normally we will not consider an issue not raised in the district court. See Walker v. Mather, 959 F.2d 894, 896 (10th Cir. 1992). Further, they contend that they did serve plaintiff with their motion and brief, as shown in the appended certificates of service filed with the court. Defendants argue that we should not consider a statement from an official at U.S.P. Allenwood that plaintiff received no "legal mail" during the period in question because it was not presented to the district court. Defendants further point out that the statement is irrelevant because legal mail refers only to specially marked documents to be opened in the presence of the inmate to preserve confidential communications between an inmate and his attorney. Defendants state that the motion and brief were sent, properly, by ordinary mail, not legal mail, and hence would not be treated as legal mail by the Allenwood authorities.

We must affirm the dismissal for the reasons advanced by defendants. Not only were none of the issues argued in plaintiff's brief on appeal presented to the district court, but defendants are correct that service of the defendants' motion and brief need not be marked as legal mail. See Fed. R. Civ. P. 5(b) (service on a party "shall be made . . . by mailing it to the . . . party . . . . Service by mail is complete upon mailing."). Defendants' certificates of service, filed with the district court, are prima facie evidence that plaintiff was served.

3

Further, even if we were to consider plaintiff's complaint on the merits, we would affirm the dismissal. On its face the complaint does not state a constitutional violation. Under a most liberal reading it might state a claim for negligence cognizable under the Federal Tort Claims Act--as plaintiff treated the matter when he filed his administrative complaint. If viewed as a tort claim the complaint should have named the United States as the proper defendant. 28 U.S.C. § 1346(b); Allen v. Veterans Admin., 749 F.2d 1386, 1387 (9th Cir. 1984). If viewed as a claim against the defendants in their individual capacities the complaint fails for lack of personal service.

**AFFIRMED.**

Entered for the Court

James K. Logan
Circuit Judge

4