105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Moises ATENCIO-DIAZ, Petitioner-Appellant,
v.
BUREAU OF PRISONS, Respondent-Appellee.
 No. 94-56208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Moises Atencio-Diaz, a federal prisoner, was attacked by a fellow prisoner and suffered severe injuries. Atencio-Diaz filed an administrative claim with the Federal Bureau of Prisons which denied his claim on October 22, 1993. Pursuant to the deadline established by 28 U.S.C. § 2401(b), Atencio-Diaz had a period of six months in which to file suit, and this period expired on April 22, 1994.
 
 
 3
 Just prior to this date, on April 19, 1994, Atencio-Diaz sent a complaint to the Federal District Court for the Central District of California alleging a claim under the Federal Tort Claims Act and petitioned the court to proceed In Forma Pauperis ("IFP"). Atencio-Diaz incorrectly named the Federal Bureau of Prisons and unnamed employees as defendants instead of the United States.
 
 
 4
 After the time for filing suit had expired, the magistrate judge recommended denial of Atencio-Diaz's IFP petition because the proposed complaint "fails to allege compliance with FTCA procedures or name proper deft.," and the district court accordingly denied the IFP petition.
 
 
 5
 Atencio-Diaz appeals the denial of his IFP petition.[1]
 
 DISCUSSION:[2]
 
 6
 A district court has the discretion to dismiss a petition to proceed IFP if "it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995). However, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Tripati, 821 F.2d at 1370 (quotations omitted).
 
 
 7
 The denial of an IFP petition is an appealable order. Id. at 1369. We review the denial of an IFP petition for abuse of discretion, but review de novo the district court's determination that the complaint lacked arguable substance in law or fact. Id.
 
 
 8
 Although it is likely that Atencio-Diaz could cure the failure to claim exhaustion of administrative remedies, the failure to name the United States as defendant in this instance is a fatal defect.
 
 
 9
 The six month deadline to bring suit against the United States mandated by 28 U.S.C. § 2401(b) is jurisdictional and may not be waived. Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985). The United States is the only proper defendant in a Federal Tort Claims Act claim and an individual agency is not an appropriate substitute. See Allen v. Veterans Admin., 749 F.2d 1386, 1388 (1984). Thus, by naming the wrong defendant, Atencio-Diaz failed to bring suit against the United States within the proper period. Id.
 
 
 10
 A plaintiff may amend the complaint in a tort action against the United States to name the proper defendant pursuant to Rule 15 of the Federal Rules of Civil Procedure under the following circumstances: (1) The United States was properly served prior to the expiration of the six month period. McGuckin v. United States, 918 F.2d 811, 812 (9th Cir.1990). Service on an individual agency is insufficient to accomplish service on the United States. Allen, 749 F.2d at 1389; (2) a motion to amend the wrong defendant deficiency was filed prior to the expiration of the six month period. Id.; or (3) the district court dismissed the complaint prior to the expiration of the six month period. Miles v. Department of the Army, 881 F.2d 777, 780-81 (9th Cir.1989).
 
 
 11
 None of these circumstances are present here. There is no evidence that Atencio-Diaz properly served his complaint on the United States. The last page of his proposed complaint contains a certificate of service which makes no mention of service on the United States. Further, although Atencio-Diaz alleges that he filed a motion to amend, he claims that it was sent on June 13, 1994, which is after the six month period had expired. Finally, the district court dismissed the complaint on May 24, 1994, also after the six month period had expired.
 
 
 12
 Thus, it is absolutely clear that the wrong defendant deficiency of the complaint could not be cured by amendment.
 
 CONCLUSION:
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Atencio-Diaz filed his notice of appeal more than sixty days after the district court denied his IFP petition, the district court did not order judgment to be entered in the matter. Thus, apparently we have jurisdiction. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 n. 4 (9th Cir.1991)
 
 
 [2]
 Because we deny relief, we do not examine the potential effect on this case of the Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321