**Robert LeCRONE, Plaintiff,**

**v.**

**UNITED STATES NAVY, et al, Defendants.**

**No. Civ. 96–0450–B(JFS).**

United States District Court, S.D. California.

Feb. 13, 1997.

James Bravos, San Diego, CA, for Plaintiff.

Thomas B. Reeve, Jr., San Diego, CA, for Defendants.

**ORDER GRANTING MOTION TO DISMISS; ORDER TO SHOW CAUSE WHY CASE AGAINST INDIVIDUAL DEFENDANTS SHOULD NOT BE DISMISSED FOR WANT OF PROSECUTION**

BREWSTER, District Judge.

This matter came on regularly for hearing on defendant United States Navy's motion to dismiss for lack of subject matter jurisdiction. After careful consideration, the Court hereby GRANTS defendant's motion to dismiss and ORDERS plaintiff to show cause why his case against the individual defendants should not be dismissed for want of prosecution.

## I. Background

Robert LeCrone ("LeCrone") is suing the United States Navy and thirteen individuals. Lecrone's first cause of action is for medical malpractice. In 1991, plaintiff was initially diagnosed as having "bilateral increasing cervical lymph nodes[.]" Complaint ¶ 6. Plaintiff received treatment at several Naval hospitals, including San Diego Naval Hospital where he was treated by defendant Miller. In February of 1993, his lymph nodes were biopsied, and LeCrone contends that due to the negligence of the doctor and his staff, the accessory nerve in his neck was severed, causing a loss of motor function in his left arm. Complaint ¶¶ 9–11. Plaintiff now suffers from complete left accessory nerve palsy. Complaint ¶ 12. Plaintiff seeks damages for his personal injuries, for loss of economic potential and for past and future medical expenses. Complaint ¶¶ 14–15. This cause of action appears to be asserted against Captain Miller and Does 1–5 only. Plaintiff allegedly filed a claim under the Federal Tort Claims Act which was denied on September 13, 1995. Complaint ¶¶ 16–17. Plaintiff filed this suit on March 12, 1996.

LeCrone asserts a second cause of action for assault and battery. This cause of action is asserted against the United States Navy, all the other named individual defendants, and Does 6–10. On July 30, 1993, LeCrone alleges that Duane Frank, Henry Wright, Michael Williams, Kevin Hairston and Does 6–10 committed an assault and battery on him. Three of these defendants were drunk when they allegedly began to punch and kick plaintiff Six more naval personnel allegedly ran to the scene and began punching and kicking plaintiff Plaintiff alleges that he fell to the ground where defendants continued to kick him in the body and head. Complaint ¶¶ 18–20. Plaintiff alleges that he suffered severe injuries from this attack. Complaint ¶ 21. Plaintiff was a petty officer third class and all of the alleged assailants were also enlisted Navy personnel, but he alleges that the assault was not incident to his military service. The defendants were allegedly participating in a Navy-sanctioned graduation celebration when the assault took place. Complaint ¶¶ 23–24.

LeCrone asserts a third cause of action for discrimination—violation of civil rights. This cause of action is asserted against the United States Navy, Commanding Officer, Legal Officer Lt. Vivian, and Does 10–20. Plaintiff allegedly reported the incident described above and filed a complaint with Lt. Vivian. He further alleges that Lt. Vivian failed to take any action against the personnel involved and refused to release the results of her investigation to plaintiff. Complaint ¶¶ 27–29. Plaintiff alleges that the assault against him was racially motivated because seven of the eight alleged assailants were black, and plaintiff is white. He contends that the Navy's refusal to prosecute the assailants constitutes reverse discrimination in violation of the United States Constitution and the California Constitution. Complaint ¶¶ 30–31.

LeCrone asserts a fourth cause of action for intentional infliction of emotional distress against the U.S. Navy, Commanding Officer, Legal Officer Lt. Vivian, and Does 10–20. He alleges that the Navy's decision not to prosecute the assailants on account of plaintiff's race constitutes intentional infliction of emotional distress. Complaint ¶¶ 34–35. LeCrone also asserts a fifth cause of action for negligent infliction of emotional distress against the same defendants on the same grounds. Complaint ¶¶ 38–40.

Finally, plaintiff asserts a sixth cause of action for respondeat superior against the Navy. He alleges that all of the individual

defendants were members of the U.S. Navy and were acting as agents and employees of the Navy within the scope of their authority when they took the actions which allegedly injured him. Complaint ¶¶ 41–42.

On January 13, 1997, defendant United States Navy filed a motion to dismiss for lack of subject matter jurisdiction. Plaintiff has filed no opposition to this motion.

## II. Discussion

### A. Standard of Law

■ Under Rule 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R.Civ.P. 12(b)(1). Federal subject matter jurisdiction must have a statutory basis. The primary sources of federal subject matter jurisdiction are federal question jurisdiction, 28 U.S.C. § 1331, diversity jurisdiction, 28 U.S.C § 1332, and supplemental jurisdiction, 28 U.S.C. § 1367.

### B. The Navy's Motion to Dismiss

#### 1. First Cause of Action for Medical Malpractice

■ Defendant U.S. Navy moves to dismiss the first cause of action for lack of subject matter jurisdiction. In *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the Supreme Court crafted an exception to the general waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA"), stating that

> the government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.

*Id.* at 146, 71 S.Ct. at 159. The *Feres* doctrine was recently reaffirmed by the Supreme Court in *United States v. Johnson,* 481 U.S. 681, 689–90, 107 S.Ct. 2063, 2068–69, 95 L.Ed.2d 648 (1987).

■ There are two issues under the *Feres* doctrine in this case. First, whether LeCrone was on active duty when his injuries were sustained, and second, whether medical malpractice injuries are "in the course of activity incident to service." LeCrone makes the blanket statement that he was "not on active service, but on sick leave at all times herein mentioned." Complaint ¶ 5. Military records, however, indicate that LeCrone was on active duty from July 2, 1990 until June 6, 1994. Reeve Decl. Exh. B.[1] LeCrone alleges that the biopsy where his nerve was severed occurred in February of 1993. Military records reveal that LeCrone was separated from the Navy on June 6, 1994 for temporary disability. *Id.* In August of 1996, the Navy granted plaintiff permanent disability benefits for life, including life-time pension and free medical care at military treatment facilities. Reeve Decl. Exh. I. These records make clear that LeCrone was on active duty when the alleged medical malpractice occurred.

The next question is whether injuries incident to medical treatment at a military hospital are incident to service. The Ninth Circuit recently addressed this issue and concluded that such injuries were incident to service. *Atkinson v. United States,* 825 F.2d 202, 206 (9th Cir.1987), *cert. denied,* 485 U.S. 987, 108 S.Ct. 1288, 99 L.Ed.2d 499 (1988). In *Atkinson,* a woman on active duty received allegedly negligent prenatal medical care which resulted in her child being stillborn. *Id.* at 203. She filed a medical malpractice suit against the United States. The Ninth Circuit ordered her case dismissed under the *Feres* doctrine. *Id.* at 206. In fact, *Feres* itself was a consolidation of three suits against the United States, two of which were for medical malpractice.[2]

---

1. Defendant has brought a motion to dismiss for lack of subject matter jurisdiction. When a court determines that the United States is immune from suit under the FTCA, the proper disposition is a dismissal for lack of subject matter jurisdiction. *Atkinson v. United States,* 825 F.2d 202, 204 n. 2 (9th Cir.1987). The Court may consider evidence outside of the complaint in determining whether it has subject matter jurisdiction over this dispute.

2. In *Feres,* plaintiff Jefferson was required to undergo an abdominal operation while in the Army. Eight months later, after his discharge, in the course of another operation, doctors discovered an 18 inch by 30 inch towel in Jefferson's stomach which had 'Medical Department U.S. Army' written on it. Jefferson filed suit alleging that Army doctors negligently left the towel inside him. Plaintiff Griggs' executrix filed suit alleging that Griggs died due to negligent medi-

The Supreme Court held that these suits were barred because the injuries were sustained incident to active duty military service. *Feres,* 340 U.S. at 146, 71 S.Ct. at 159.

The government also argues that the generous statutory disability benefits provided to LeCrone are an independent reason why the *Feres* doctrine bars suits for service-related injuries. *See Johnson,* 481 U.S. at 689–90, 107 S.Ct. at 2068–69 (explaining that generous disability benefits and free lifetime medical care for military personnel who suffer injuries incident to service are reasons for the *Feres* doctrine's bar on suits for service-related injuries).

■ Under *Feres* and *Atkinson,* it is clear that medical malpractice claims against the United States for negligent medical care provided to active duty personnel by military doctors are incident to military service and are therefore barred by the *Feres* doctrine. For these reasons, the Court lacks subject matter jurisdiction to adjudicate LeCrone's medical malpractice suit against the Navy.

### 2. Second Cause of Action for Assault and Battery

■ The second cause of action for assault and battery must be dismissed because the FTCA does not contain a waiver of sovereign immunity for claims of assault and battery. Title 42 U.S.C. § 2680 provides that "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to—. . . (h) Any claim arising out of assault or battery[.]" As a sovereign, the United States is immune from suit unless it unequivocally consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976).[3] Since the United States has not waived its sovereign immunity to suits for

assault and battery, the Court lacks subject matter jurisdiction to adjudicate this claim.

### 3. Third, Fourth, and Fifth Causes of Action

■ Plaintiff's third cause of action is for discrimination—violation of civil rights; his fourth cause of action is for intentional infliction of emotional distress; and his fifth cause of action is for negligent infliction of emotional distress. These causes of action arise from the Navy's failure to prosecute the alleged assailants from the assault and battery incident. The Navy moves to have these claims dismissed under the *Feres* doctrine because the alleged tortious injury was incident to LeCrone's military service. One of the rationales for the *Feres* doctrine is that courts should not become entangled in "sensitive military affairs at the expense of military discipline and effectiveness." *Johnson,* 481 U.S. at 690, 107 S.Ct. at 2069; *see Johnson v. United States,* 704 F.2d 1431, 1436 (9th Cir.1983) (stating that safeguarding military discipline is the fundamental rationale for immunity). If this suit were to go forward, plaintiff could seek discovery from the Commanding Officer and other members of plaintiff's command regarding the reasons why they chose not to prosecute this case. Moreover, plaintiff might seek discovery from the Naval Legal Services Office regarding their investigation of this event and the reasons why they decided not to prosecute. This would not only distract these military personnel from their duties, but would interfere with military discipline by allowing LeCrone to second guess and probe his commanding officers' decisions. It is precisely these types of interferences which *Feres* is aimed at preventing.

In *Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), five enlisted men sued their commanding officer, several officers and several senior NCO's alleg-

---

cal treatment by Army surgeons. *Feres,* 340 U.S. at 136–37, 71 S.Ct. at 154–55.

**3.** Similarly, all of plaintiff's claims against the U.S. Navy are barred by sovereign immunity, The FTCA contains a limited waiver of sovereign immunity and it applies only to actions against the

United States itself Actions may not be brought against federal agencies or federal officers acting in their official capacities because of the bar of sovereign immunity. *See* discussion, *infra,* section II.B.5.

ing racial discrimination on the ship on which they served. The Supreme Court stated:

> The need for special regulations in relation to military discipline, and the consequent need and justification for a special and exclusive system of military justice, is too obvious to require extensive discussion; no military organization can function without strict discipline and regulation that would be unacceptable in a civilian setting.

*Id.* at 300, 103 S.Ct. at 2365. The Uniform Code of Military Justice provides military personnel with a remedy for improper actions taken by superior officers. *See* 10 U.S.C. § 938. The Supreme Court concluded that *Feres* barred claims asserted against superior officers for constitutional violations. Plaintiffs' only remedy was to proceed through the military courts martial, using the remedies afforded by the Uniform Code of Military Justice. *Id.* at 304–05, 103 S.Ct. at 2367–68.[4]

■ Defendant also argues that the Commanding Officer and the Naval Legal Officers are entitled to prosecutorial immunity for their decision not to prosecute the alleged assailants. A prosecutor, in the performance of the duties imposed upon him by law, is immune from a civil action based on his decision to prosecute or not to prosecute a defendant. *Imbler v. Pachtman,* 424 U.S. 409, 422, 96 S.Ct. 984, 991, 47 L.Ed.2d 128 (1976).

The Ninth Circuit has held that federal courts cannot review the quasi-prosecutorial actions of a commanding officer. *Davis v. United States,* 667 F.2d 822, 825 (9th Cir. 1982). In *Davis,* after a defendant was acquitted in a court-martial, he filed suit in federal court against his commanding officer alleging malicious prosecution and other intentional torts. *Id.* at 823–24. The Ninth Circuit explained:

> Davis asks the court to review the quasi-prosecutorial actions of his commanding officer in implementing the investigatory and adjudicatory functions of the military

justice system. The court is compelled to exercise restraint both in review of internal military decisions, and in examination of the official acts of a prosecutor. Additional caution is mandated when the involvement of the court system in a military dispute threatens disruption of "discipline and the orderly conduct of military affairs" In our view allowing federal court review of military tribunals to determine compliance with state tort law would constitute an unjustified interference with the military system and would undermine military order and discipline.

*Id.* at 825–26 (citations omitted). Accordingly, the Ninth Circuit held that plaintiff's intentional tort claims were barred by the *Feres* doctrine. *Id.* at 826.

■ Finally, the Navy argues that the Court lacks subject matter jurisdiction over this dispute because the commanding officer was exercising a discretionary function when he chose not to prosecute the alleged assailants. The Uniform Code of Military Justice provides a commanding officer with discretion whether to prosecute defendants. *See* 10 U.S.C. § 801 *et seq.* Rule for Courts–Martial 404(a) provides that

> [w]hen in receipt of charges, a commander exercising special court-martial jurisdiction may: (a) dismiss any charges[.]

Johnson Decl. Exh. N. The FTCA contains an exception to its waiver of sovereign immunity for "[a]ny claim ... based upon the exercise or performance of a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Where the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists. *In re Glacier Bay,* 71 F.3d 1447, 1450 (9th Cir.1995).

■ The Court applies a two-step analysis in determining whether the discretionary function exception applies. First, the challenged actions must involve an element

4. The Uniform Code of Military Justice and the rules promulgated pursuant to it provide numerous remedies which LeCrone could have pursued. For instance, he could have complained to the Secretary of the Navy about his commanding officer's decision not to prosecute (10 U.S.C § 938), he could have filed a report of the offense (Courts–Martial Rule 301), or he could have formally sworn charges against the alleged assailants under oath (Courts–Martial Rule 307).

of judgment or choice. Second, the challenged action must be of the kind that the discretionary function exception was meant to protect. *Sabow v. United States,* 93 F.3d 1445, 1451 (9th Cir.1996). More specifically, the government is entitled to immunity if the judgment involves considerations of social, economic, or political policy. *Id; Glacier Bay,* 71 F.3d at 1450. The Ninth Circuit has held that a prosecutor's investigation and decision whether or not to prosecute falls within the discretionary function exception. *See Gasho v. United States,* 39 F.3d 1420, 1434–36 (9th Cir.1994) (finding United States immune from suit for intentional infliction of emotional distress under § 2680(a) for actions taken in investigating and deciding whether to prosecute), *cert. denied,* —— U.S. ——, 115 S.Ct. 2582, 132 L.Ed.2d 831 (1995); *Sabow,* 93 F.3d at 1451–54 (dismissing claim for negligent infliction of emotional distress because JAG's investigation undertaken for alleged misuse of military aircraft fell within the discretionary function exception).

The Uniform Code of Military Justice provides commanding officers with discretion to investigate alleged crimes and to decide whether or not to prosecute potential defendants. The United States has immunity from suits arising out of commanding officers' exercise of that discretion, regardless of whether that discretion was abused.

For these reasons, LeCrone's commanding officer's decision not to prosecute the alleged assailants is not reviewable in federal court. Thus, the Court lacks subject matter jurisdiction over plaintiff's third, fourth and fifth causes of action.

### 4. Sixth Cause of Action for Respondeat Superior

Plaintiff's sixth cause of action is purportedly for respondeat superior. Plaintiff apparently seeks to hold the Navy liable for the acts of its doctors in the first cause of action, for the acts of its enlisted personnel in the second cause of action, and for the acts of his commanding officer and the legal officers in the third, fourth and fifth causes of action. The sixth cause of action is not an independent cause of action, but is the means by which plaintiff is attempting to hold the Navy

liable for the actions alleged in the other causes of action. This cause of action must be dismissed for the reasons discussed above in the sections on each of the other causes of action.

### 5. Whether Plaintiff Can Sue the Navy

FTCA suits are allowed against the United States, but not against federal agencies or officers.

> [T]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims cognizable under [the FTCA], and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. § 2679(a); *see* 28 U.S.C. §§ 1346(b), 2679(b)(1); *Allen v. Veterans Admin.,* 749 F.2d 1386, 1388 (9th Cir.1984) ("The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees."). Plaintiff has named the U.S. Navy as a defendant, but has not named the United States. For this reason also, this case must be dismissed. Even if plaintiff were to name the United States as a defendant, however, the Court would still lack subject matter jurisdiction over his claims for the reasons stated above.

### III. Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction over plaintiff's claims against the United States and the United States Navy. The Court hereby GRANTS defendant U.S. Navy's motion to dismiss with prejudice. The Court also *sua sponte* DISMISSES defendants Commanding Officer, Captain Miller, and Legal Officer Lt. Vivian. As plaintiff pleads in his sixth cause of action, these defendants were acting within the scope of their employment and within their authority when they took the actions which allegedly injured him. The FTCA does not allow suits against federal officers in their official capacities, *see* discussion *supra,* so these defendants are immune from suit.

476

It appearing to the Court that defendants Duane Goodman, Frank Henry Wright, Michael L. Williams, Carlton Williams, Kevin Lamont Hairston, Thomas Lee, Johnelle Pryor, Curtis Atkins, Christopher Cothron, and Ronald Johnson (the alleged assailants) have ever been served with a summons and copy of the complaint in the above-entitled action, plaintiff Robert LeCrone is ORDERED TO SHOW CAUSE why this case should not be dismissed for want of prosecution under Local Rule 4.1(b) which provides that an action be dismissed as to all defendants not served with the summons and complaint within 120 days of the filing date absent a showing of good cause why such service was not made. This matter is placed on the Court's calendar for hearing on March 17, 1997 at 10:30 am. The filing of a proof of service showing that service was accomplished within 120 days of the filing date with the court seven (7) days prior to the above-listed hearing date shall result in the removal of this matter from the Court's calendar.

IT IS SO ORDERED.